[Nos. 19941-2-I; 20051-8-I.   Division One.   May 23, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD FITZGERALD YOUNG, *Appellant.*

*In the Matter of the Personal Restraint of* EDWARD FITZGERALD YOUNG, *Petitioner.*

*Eric J. Nielsen* and *Helen A. Anderson* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally F. Stanfield* and *Ellen O'Neill–Stephens, Deputies,* for respondent.

PEKELIS, J.—Edward Fitzgerald Young appeals from an exceptional sentence on one count of attempting to elude a pursuing police vehicle. Young contends that, in imposing sentence, the trial court improperly relied on information which was neither admitted, acknowledged, nor proved. He further contends that the reasons given by the trial court for the exceptional sentence are not supported by the record, and that they do not justify an exceptional sentence. Finally, Young contends that the sentence is clearly excessive.[1]

## I

Young was charged by information with one count of taking a motor vehicle without permission, RCW 9A.56.070, and one count of attempting to elude a pursuing police vehicle, RCW 46.61.024. According to the allegations contained in the certification of probable cause, Young was driving a car which he took without permission on October 11, 1986, when a police officer in a fully marked patrol car ordered him to stop. Young fled, with the officer in pursuit. During the chase, Young reached speeds in excess of 60 miles per hour on surface streets. He ran several red lights, causing three separate collisions in which several people were injured.

On November 11, 1986, Young pleaded guilty to count 2, attempting to elude a pursuing police vehicle. In a document entitled "Statement of Defendant on Plea of Guilty," Young stated that he did not remember the events out of which the charge arose because he had been high on marijuana. Nevertheless, he believed it was in his best interest to plead guilty. He agreed that the court could review the police reports and the certification of probable cause in determining whether there was a factual basis for his plea. *See* CrR 4.2(d). The State prepared a separate document entitled "Plea Agreement" which provided that, for the purpose of sentencing, the parties would stipulate to the

---

[1]Young's personal restraint petition has been consolidated with his appeal. In it, he asserts that his sentence is "grossly disproportionate" to the standard range.

facts contained in the certification of probable cause. *See* RCW 9.94A.370(2). However, neither Young nor his attorney ever signed the "Plea Agreement," and there is no evidence in the record that they otherwise agreed to its terms.

On January 9, 1987, Young pleaded guilty to count 1, taking a motor vehicle without permission. As with count 2, Young made no factual admissions, but merely stated that he believed it was in his best interest to plead guilty. He agreed that the court could review the certification of probable cause in determining whether there was a factual basis for his plea. In exchange for Young's plea the State agreed not to file additional felony charges arising out of the same incident.

At a hearing before a different judge on January 27, 1987, the State recommended concurrent sentences of 5 months on count 1 and 24 months on count 2. The standard range for each offense was 2 to 5 months. In support of its recommendation of an exceptional sentence on count 2, the State asked the court to consider the facts of the case as alleged in the certification of probable cause. Young argued that those facts should not be considered, since they had neither been admitted nor proved. The sentencing judge was of the opinion that she could consider the same facts considered by the plea judge.

Young was given concurrent sentences of 5 months on count 1 and 24 months on count 2. Pursuant to RCW 9.94A.120(3), the trial court entered the following findings and conclusions in support of the exceptional sentence on count 2:

### I. FINDINGS OF FACT

a. The defendant's acts constitute an on–going event that cannot be separated into discrete parts allowing separate counts/charges to be filed. These acts do not constitute separate crimes.

b. The defendant's acts constitute a series of assaults upon persons and were in reckless and wanton disregard of others' safety. Multiple victims and substantial damages are involved, the egregious nature of which

cannot be ignored by this court. A huge amount of restitution will be due and owing.

## II. CONCLUSIONS OF LAW

a. The presumptive range of 2–5 months is inadequate given these facts and would not protect the public. A sentence within this standard range would be clearly too lenient in light of the purposes of chapter RCW 9.94A.

b. The defendant's acts constitute a major economic offense because the offense involved multiple victims and actual monetary losses substantially greater than typical for the offense. RCW 9.94A.390(3)(a), (b), Aggravating Circumstances.

## II

Young contends that in imposing an exceptional sentence the trial court improperly relied on information which was neither admitted, acknowledged, nor proved. RCW 9.94A-.370(2) provides:

In determining any sentence, *the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing.* Acknowledgement includes not objecting to information stated in the presentence reports. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The facts shall be deemed proved at the hearing by a preponderance of the evidence. Facts that establish the elements of a more serious crime or additional crimes may not be used to go outside the presumptive sentence range except upon stipulation or when specifically provided for in RCW 9.94A.390(2)(c), (d), and (e).

(Italics ours.)

■ It is clear from both the transcript of the sentencing hearing and the trial court's findings and conclusions that the court relied on the facts alleged by the State in the certification of probable cause. It is equally clear that none of those facts were "admitted, acknowledged, or proved".

RCW 9.94A.370(2). There is nothing in the record to suggest that Young admitted the truth of the factual allegations contained in the certification of probable cause. On the contrary, by entering an *Alford* plea,[2] Young clearly manifested his intention not to make such an admission. Furthermore, he specifically sought to limit the court's use of the State's factual allegations to a determination of whether there was a factual basis for his plea. Finally, since Young made it clear at sentencing that he intended to dispute the State's factual allegations, he cannot be deemed to have admitted or acknowledged them as required by RCW 9.94A.370(2). Consequently, the court was required not to consider the allegations contained in the certification of probable cause unless the State could prove those allegations at an evidentiary hearing. *See* RCW 9.94A.370(2); *State v. Olive,* 47 Wn. App. 147, 150, 734 P.2d 36, *review denied,* 109 Wn.2d 1017 (1987).

The State argues, citing no authority, that the term "plea agreement" contained in RCW 9.94A.370(2) should be understood to include the "entire plea process," including any facts considered by the judge who accepted the plea. We reject this argument. Whatever the term "plea agreement" might mean, it can only include matters to which the defendant has *agreed.* Young has never agreed that the allegations contained in the certification of probable cause may be accepted as true. The State also makes the argument that it would be unduly burdensome to require that facts not admitted by the defendant must be proved in an evidentiary hearing in order to be considered by the sentencing judge. However, the statute specifically anticipates an evidentiary hearing in which the State may attempt to establish facts which the defendant has not admitted. RCW 9.94A.370(2). Evidently the Legislature did not consider it

---

[2] *See North Carolina v. Alford,* 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970).

unduly burdensome to require that a defendant be punished only for acts which have been admitted or proved, not merely alleged.

## III

In reviewing an exceptional sentence, this court must first determine whether the trial court's reasons are supported by the record. RCW 9.94A.210(4)(a); *State v. Nordby*, 106 Wn.2d 514, 517, 723 P.2d 1117 (1986). In this case, all the trial court's reasons are based on alleged facts which, under RCW 9.94A.370(2), should not have been considered and were thus not properly a part of the record at sentencing. The sentence must therefore be reversed and the case remanded for resentencing. On remand, the court may hold an evidentiary hearing at which the State may attempt to prove facts which would justify an exceptional sentence. *See* RCW 9.94A.370(2).

## IV

■■ We also briefly address the trial court's reasons for the exceptional sentence, since the court may be inclined to use the same reasons at resentencing if the State is able to prove its factual allegations. First, the "series of assaults" referred to in finding of fact b. would constitute additional crimes. *See* RCW 46.61.522 (vehicular assault). Facts which establish the elements of additional crimes may not, as a general rule, be used to justify an exceptional sentence. RCW 9.94A.370(2). Second, the "reason" stated in conclusion of law a., that the presumptive range is inadequate, is entirely conclusory and amounts to little more than an expression of dissatisfaction with the range determined by the Legislature. Finally, attempting to elude a pursuing police vehicle is not a "major economic offense" within the meaning of RCW 9.94A.390(2)(c).[3] That section was clearly intended to apply to theft and related crimes.

---

[3]Former RCW 9.94A.390(3).

*See* D. Boerner, *Sentencing in Washington* § 9.13, at 9–39 (1985).[4]

The sentence is reversed, and the case is remanded for resentencing. The personal restraint petition is dismissed.

SWANSON and WILLIAMS, JJ., concur.

---

[4]In light of our disposition of this case, it is premature and unnecessary to determine whether a sentence of this duration would be "clearly excessive" or "grossly disproportionate."