478

THE STATE OF WASHINGTON, *Respondent,* v. RUSSELL
DUANE MCNEIL, *Appellant.*

*Paul J. Wasson II,* for appellant (appointed counsel for
appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Howard
Hansen, Deputy,* for respondent.

GREEN, J.—Russell Duane McNeil pleaded guilty to the
aggravated murder of Dorothy Nickoloff and the aggra-
vated murder of Mike Nickoloff as an accomplice. He

appeals, contending (1) the record does not support the facts relied upon by the trial court in imposing an exceptional sentence and (2) the second life sentence without parole was excessive. We affirm.

On January 7, 1988, Mr. McNeil, then 17, met another 17–year–old, Herbert (Chief) Rice, Jr., who suggested they steal money from the Nickoloffs by gaining entry into their home and then stabbing them to death. Mr. Rice claimed the crime would be easy because the elderly couple was disabled and lived alone in a rural home. Mr. McNeil drove Mr. Rice to the Nickoloff home on Kays Road in Yakima County; both juveniles were armed with knives. They knocked at the back door and asked Mrs. Nickoloff if they could use the telephone. She let them in. Mr. McNeil asked for a drink of water while Mr. Rice made a telephone call. As Mrs. Nickoloff finished her dinner in the kitchen, Mr. Rice began to stab Mr. Nickoloff in the living room. Mr. McNeil then grabbed Mrs. Nickolof and stabbed her to death. They stole two television sets from the house, gave one to a friend for payment on a debt and sold the other for $50.

The juvenile court declined jurisdiction and the State gave notice it intended to seek the death penalty.[1] Shortly before trial, the State agreed to forgo the death penalty in exchange for pleas of guilty by Mr. McNeil. The record is ambiguous as to whether the plea agreement included a sentencing recommendation from the State as to the imposition of two consecutive life terms. For the purposes of this appeal, we will assume it did not.

First, Mr. McNeil contends the record reveals no facts were developed during the sentencing hearing supporting the age, particular vulnerability or physical condition of the victims. The entry and acceptance of the plea and the sentencing were conducted at the same hearing.

---

[1] A notice of discretionary review was filed with the Supreme Court concerning the State's intention to seek the death penalty in a murder case involving a juvenile. The petition for review was denied.

The facts were admitted orally and in writing, under oath, by Mr. McNeil at the hearing. Admitted facts may be the basis for an exceptional sentence. *State v. Young*, 51 Wn. App. 517, 521, 754 P.2d 147 (1988). Additionally, five exhibits were admitted, including the autopsy report, pictures, a videotape of the scene, a letter written by Mr. McNeil to a girl friend shortly after the crimes were committed admitting the crimes, and a transcript of an interview with Mr. McNeil by police during their initial investigation. There is ample evidence in the report of proceedings and exhibits to support the factual findings made by the court. There was no error.

Second, Mr. McNeil argues the second consecutive life term without parole is excessive because one cannot serve more than one such term.

The minimum sentence for conviction of aggravated murder is life imprisonment without parole; the maximum sentence is death. RCW 9.94A.310. RCW 9.94A.400(1)(a) provides in part: "Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.120 and . . . any other provision of RCW 9.94A.390." RCW 9.94A.390(2)(b) includes as an aggravating circumstance particular vulnerability due to advanced age, disability, or ill health. Thus, there is both a factual and a legal basis for imposing consecutive life terms without parole.

■■ Whether the sentence is excessive is reviewed under an abuse of discretion standard. *State v. Oxborrow*, 106 Wn.2d 525, 530, 723 P.2d 1123 (1986). The statutory maximum, death, is the only limit to the court's discretion. *Oxborrow*, at 533; *State v. Creekmore*, 55 Wn. App. 852, 865–66, 783 P.2d 1068 (1989), *review denied*, 114 Wn.2d 1020 (1990). Consecutive, multiple life sentences without parole are less severe than death. The question whether two

consecutive life sentences is excessive is academic; the sentence is ultimately limited by Mr. McNeil's life span.

Affirmed.

MUNSON, C.J., and THOMPSON, J., concur.