[No. 21547-4-III. Division Three. October 30, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. DALE ALLEN CROCKETT, *Appellant*.

---

*Cece L. Glenn*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Brian C. O'Brien, Deputy*, for respondent.

SCHULTHEIS, J. — Dale Crockett pleaded guilty to one count of second degree assault. As part of his sentence, he was ordered to undergo a psychosexual evaluation and any treatment that was recommended by the evaluator. On appeal he contends the order to undergo a psychosexual evaluation is improper because he was not charged with or convicted of a sexual crime. Because we find that the trial court improperly used contested facts to impose this condition of community custody, we reverse and remand for resentencing.

FACTS

In January 2002 Mr. Crockett was charged by information with five counts of first degree child molestation involving 10-year-old K.L. RCW 9A.44.083(1). The investigating officer's affidavit of facts indicated that (1) K.L.'s mother would testify that K.L. reported that Mr. Crockett touched her on her bottom and her breasts; (2) the officer responding to the report of molestation would testify that K.L. told him Mr. Crockett touched her on her vagina, bottom, and breasts at least five different times; (3) K.L. would testify regarding specific incidents of improper touching; (4) Mr. Crockett's son Davey, who was K.L.'s mother's boyfriend, would testify that he saw Mr. Crockett touch K.L.'s vagina on at least two occasions; and (5) two other witnesses, including an investigating officer, would testify that K.L. told them Mr. Crockett touched her vagina and her breasts. At some point, Mr. Crockett was evaluated for competency when his counsel indicated that his client had serious mental health problems. This evaluation is not included in the record on appeal.

In October 2002 the State amended the information to charge only one count of second degree assault. RCW 9A.36.021(1)(a). In return, Mr. Crockett agreed to enter an *Alford* plea.[1] In his statement on plea of guilty, Mr. Crockett wrote that he was not guilty but was pleading guilty to get the plea bargain and because he could be convicted of more serious offenses if he went to trial. Although he disagreed with the accuracy of the investigating officer's affidavit of facts, he agreed with the use of the affidavit as an additional factual basis for the plea. The trial court accepted the plea and found Mr. Crockett guilty as charged.

Mr. Crockett requested sentencing without a presentence report. The State recommended nine months of incarceration, a psychosexual evaluation, and possibly treatment, if needed. When asked by the court why the State decided to enter into a plea agreement on the amended information,

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

the prosecutor explained that the witnesses disagreed about what had happened to K.L., and Davey Crockett had recanted, claiming he had been brainwashed by K.L.'s mother. The court then asked about Mr. Crockett's criminal history, which included a 1998 conviction for third degree child assault with sexual motivation. According to the prosecutor, this conviction was based on accusations that Mr. Crockett and his wife engaged in ritualistic sexual abuse of their children. Mr. Crockett has also been convicted of two misdemeanors involving domestic violence violations of protection orders.

Defense counsel objected to the psychosexual evaluation and treatment, explaining that this portion of the sentence would end up forcing Mr. Crockett to serve "a significant amount of time in custody with a probation violation." Report of Proceedings at 22. When asked to explain further, defense counsel stated that Mr. Crockett would not admit culpability and either would not be amenable to treatment or would be terminated from treatment, which could lead to a charge of violating probation.

Considering the entire record, including the affidavit of facts, the trial court found that a psychosexual evaluation and possible treatment were appropriate. The court imposed a sentence of 9 months, already served by the time of the plea, and 12 months of community custody.

IMPOSITION OF SENTENCING CONDITIONS AFTER AN *ALFORD* PLEA

█ Mr. Crockett contends the trial court erred in ordering him to undergo a psychosexual evaluation and possible treatment as a condition of his community custody. Citing RCW 9.94A.530(2), he argues that the trial court improperly used contested facts in imposing this element of his sentence. We review sentencing conditions for abuse of discretion. *State v. Riley*, 121 Wn.2d 22, 36-37, 846 P.2d 1365 (1993).

Former RCW 9.94A.505(1) and (2)(a) (2001) provided that when a person is convicted of a felony, the court must

impose punishment as provided in this statute, in chapter 9.94A RCW generally, and "as applicable to the case." Mr. Crockett, whose felony conviction resulted in a sentence of less than one year, is subject to former RCW 9.94A.505(2)-(a)(iv), which directed the reader to RCW 9.94A.545. Under RCW 9.94A.545, the court is authorized to impose up to one year of community custody on all sentences for one year or less, subject to the conditions and sanctions authorized by RCW 9.94A.715 and former RCW 9.94A.720 (2000). These latter statutes provide that the sentencing court, when imposing conditions of community custody, may "order the offender to participate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community," with the Department of Corrections supervising these terms. RCW 9.94A.715(2)(a); former RCW 9.94A.720(1)(a), (c). Additionally, former RCW 9.94A.505(8) provided that "[a]s a part of any sentence, the court may impose and enforce crime-related prohibitions and affirmative conditions as provided in this chapter."

The trial court at sentencing adopted the prosecutor's recommendation to impose a psychosexual evaluation and follow-through on any treatment recommended. In explaining its decision, the trial court stated that the facts charged supported this condition of community custody. The court did not state whether the psychosexual evaluation and treatment were "reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community." RCW 9.94A.715(2)(a). Consequently, we do not know which facts were relevant to the condition. This is problematic, because Mr. Crockett denied the validity of the facts contained in the record at the time of his *Alford* plea.

██ "In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." RCW 9.94A.530(2). If the

defendant disputes material facts, "the court must either not consider the fact or grant an evidentiary hearing on the point." *Id.* In order to dispute any information presented at the sentencing hearing, the defendant must make a specific, timely challenge. *State v. Garza*, 123 Wn.2d 885, 890, 872 P.2d 1087 (1994). The defendant need not move for an evidentiary hearing, however; it is the trial court's responsibility under RCW 9.94A.530(2) to hold an evidentiary hearing if it wants to consider disputed facts. *State v. Talley*, 83 Wn. App. 750, 759, 923 P.2d 721 (1996), *aff'd*, 134 Wn.2d 176, 949 P.2d 358 (1998).

■ ■ Here, Mr. Crockett entered an *Alford* plea manifesting his intention not to admit the truth of the factual allegations in the investigating officer's affidavit of facts. *See State v. Young*, 51 Wn. App. 517, 522, 754 P.2d 147 (1988). In his personal statement of the basis for his guilty plea, he declared he was not guilty. Additionally, although he agreed to the use of the affidavit as an additional factual basis for the plea, he specifically challenged the accuracy of the facts contained in the affidavit. Because he made it clear at sentencing that he disputed the State's factual allegations, he did not admit or acknowledge those facts as required by RCW 9.94A.530(2). *Young*, 51 Wn. App. at 522 (discussing former RCW 9.94A.370, *recodified as* RCW 9.94A.530 (LAWS OF 2001, ch. 10, § 6)). Consequently, when the trial court decided to use the factual allegations to support imposition of a psychosexual evaluation and treatment as a condition of Mr. Crockett's sentence, it was required by RCW 9.94A.530 to hold an evidentiary hearing on the relevant facts. *Young*, 51 Wn. App. at 522. Because a hearing was not held and the trial court admittedly considered the disputed facts, Mr. Crockett's sentence must be reversed and remanded for resentencing. *Young*, 51 Wn. App. at 522-23.

Reversed and remanded for resentencing.

BROWN, C.J., and KATO, J., concur.