[Nos. 7759-4-III; 7815-9-III. Division Three. November 25, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. DENNIS F. WEAVER, *Appellant.*

*In the Matter of the Personal Restraint of* DENNIS F. WEAVER, *Petitioner.*

*Reed C. Pell* and *Roy & Pell,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Robert N. Hackett, Jr., Deputy,* for respondent.

McINTURFF, A.C.J.—Dennis Weaver pleaded guilty to vehicular assault; the prosecutor recommended an 18–month sentence, but the court ruled confinement would be for 30 months. He appeals, contending (1) he should have been allowed to withdraw his guilty plea, and (2) the sentence was error. We affirm the decision of the Superior Court and dismiss his personal restraint petition.

On September 28, 1985, at approximately 6:55 p.m., Mr. Weaver was driving in an easterly direction on Rosencranz Road in Yakima County. At a very large, sweeping 90 degree corner, he crossed over the center line to the westbound fog lane, traveling 47 to 50 miles per hour. He struck a 1981 Datsun driven by Charles Logan, destroying the driver's side of the Logan vehicle; Mr. Logan sustained fractures to the face and shoulders and substantial brain injuries.

Mr. Weaver was arrested by the Washington State Patrol; a blood sample taken later at approximately 8:47 p.m. indicated a blood alcohol level of .20 percent. Mr. Weaver pleaded guilty to vehicular assault;[1] in the statement which accompanied his plea, he noted "[i]n return for a plea of guilty the pros[ecutor] states that if he recommends a sentence outside the standard range that the recommendation would not exceed 18 [months]." The prosecutor recommended an 18–month sentence, exceeding the standard range of 3 to 9 months. The court, noting several aggravating factors, sentenced him to 30 months, restitution not to exceed $50,000, revocation of his driver's license for 5 years and payment of court costs and fees. Mr. Weaver moved to withdraw his guilty plea, but the motion was denied.

Mr. Weaver first argues the trial court did not comply with the provisions of RCW 9.94A.090(1)[2] or CrR 4.2(e)

---

[1]RCW 46.61.522 provides:

"Vehicular assault—Penalty. (1) A person is guilty of vehicular assault if he operates or drives any vehicle:

"(a) In a reckless manner, and this conduct is the proximate cause of serious bodily injury to another; or

"(b) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502, and this conduct is the proximate cause of serious bodily injury to another.

"(2) 'Serious bodily injury' means bodily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body.

"(3) Vehicular assault is a class C felony punishable under chapter 9A.20 RCW."

[2]RCW 9.94A.090 provides:

"Plea agreements—Statement to court as to nature and reasons for agreement—Court approval or disapproval—Sentencing judge not bound. (1) If a plea agreement has been reached by the prosecutor and the defendant pursuant to RCW 9.94A.080, they shall at the time of the defendant's plea state to the court, on the record, the nature of the agreement and the reasons for the agreement. The court, at the time of the plea, shall determine if the agreement is consistent with the interests of justice and with the prosecuting standards. If the court determines it is not consistent with the interests of justice and with the prosecuting standards, the court shall, on the record, inform the defendant and the prosecutor that they are not bound by the agreement and that the defendant may withdraw the defendant's plea of guilty, if one has been made, and enter a plea of

and (f),[3] relating to plea agreements, and failed to advise him the sentence might exceed 18 months.

We note the trial court ruled there was no plea bargain agreement because there was no benefit to either party; the defendant was charged with and pleaded guilty to the most serious crime which could have been charged. Further, the trial court determined that if there had been a plea bargain the State upheld its part of the bargain by recommending a sentence of 18 months.

Whether Mr. Weaver's statement constitutes a plea bargain agreement need not be decided. Assuming arguendo it was an agreement, the trial court adequately informed Mr. Weaver of the consequences of the plea, specifically the maximum penalty and the fact the court was not bound by the prosecutor's recommended sentence.[4]

---

not guilty.

"(2) The sentencing judge is not bound by any recommendations contained in an allowed plea agreement and the defendant shall be so informed at the time of plea."

[3]CrR 4.2(e) and (f) provide:

"(e) **Agreements.** If the defendant intends to plead guilty pursuant to an agreement with the prosecuting attorney, both the defendant and the prosecuting attorney shall, before the plea is entered, file with the court their understanding of the defendant's criminal history, as defined in RCW 9.94A.030. The nature of the agreement and the reasons for the agreement shall be made a part of the record at the time the plea is entered. The validity of the agreement under RCW 9.94A.090 may be determined at the same hearing at which the plea is accepted.

"(f) **Withdrawal of Plea.** The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice. If the defendant pleads guilty pursuant to a plea agreement and the court later determines under RCW 9.94A.090 that the agreement is not binding, the court shall inform the defendant that the guilty plea may be withdrawn and a plea of not guilty entered."

[4] "THE COURT: Your name is Dennis Weaver?

"THE DEFENDANT: Yes, sir.

"THE COURT: You've discussed this charge of vehicular assault with your attorney, Mr. Raber?

"THE DEFENDANT: Yes sir.

"THE COURT: You understand that vehicular assault is a Class C felony punishable by not more than five years?

"THE DEFENDANT: Yes, sir.

In support of his argument, Mr. Weaver cites cases from other jurisdictions which hold the defendant must be

"THE COURT: What's the standard range, Mr. Hackett?

"MR. RABER: Three to nine months, Your Honor.

"MR. HACKETT: Three to nine months. The defendant has been advised that the State, if a plea of guilty is accepted, will be seeking an aggravated sentence of 18 months in the Department of Corrections.

"THE COURT: You understand the standard range to be three to nine months?

"THE DEFENDANT: Yes, sir.

"THE COURT: And that the State is going to ask for an exceptional sentence?

"THE DEFENDANT: Yes. I have one question on that though. B[y] signing a guilty plea, does that mean I'm automatically going to be sentenced to 18 months?

"THE COURT: No. It means that the State is going to ask the Court to go outside the standard range. The sentence will be determined by the judge.

"THE DEFENDANT: I see.

"THE COURT: Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand that you have the right to submit the issues in this case to a jury?

"THE DEFENDANT: Yes, sir.

"THE COURT: That you're presumed to be innocent; you're innocent until the State has proven every element of this crime beyond a reasonable doubt?

"THE DEFENDANT: Yes, sir.

"THE COURT: If the jury should find you guilty, you would have the right to an appeal.

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: To the charge of vehicular assault, how do you plead; guilty or not guilty?

"THE DEFENDANT: Guilty.

"THE COURT: Has anyone told you that you had to plead guilty?

"THE DEFENDANT: No, sir.

"THE COURT: Anyone threatened or promised you?

"THE DEFENDANT: No, sir.

"THE COURT: The only reason you're pleading guilty is because you are guilty?

"THE DEFENDANT: Yes, sir.

". . .

"THE COURT: Do you have in front of you a Statement of Defendant on Plea of Guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: Have you read that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Have you read everything on that page?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand everything you read?

informed of his right to withdraw his plea where the court chooses to disregard the recommended sentence. *See People v. Johnson,* 10 Cal. 3d 868, 519 P.2d 604, 112 Cal. Rptr. 556 (1974); *People v. Wright,* 194 Colo. 448, 573 P.2d 551 (1978); *Thomas v. State,* 327 So. 2d 63 (Fla. Dist. Ct. App. 1976); *Eller v. State,* 92 N.M. 52, 582 P.2d 824 (1978). We reject these cases for they are not based on criminal procedure similar to our CrR 4.2(f) and RCW 9.94A.090(2). *See State v. Taylor,* 83 Wn.2d 594, 595-96, 521 P.2d 699 (1974).

■ CrR 4.2(f) allows a defendant to withdraw his guilty plea in order to correct a "manifest injustice",[5] an injustice which is *only* obvious, directly observable and not obscure. *State v. Taylor, supra* at 596; *State v. Hystad,* 36 Wn. App. 42, 45, 671 P.2d 793 (1983). Indicia of manifest injustice include: denial of effective counsel; nonratification of a plea by the defendant or his representative; involuntariness of the plea; failure by the prosecutor to keep the plea agree-

---

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you have any questions about anything?

"THE DEFENDANT: The only thing here is the recommendation would not exceed 18 months. I wondered if I was locked in, which I asked earlier.

"THE COURT: You discussed that with Mr. Raber?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand that's up to the Court?

"THE DEFENDANT: Right.

"THE COURT: The Court is not bound by it.

"THE DEFENDANT: Yes.

"THE COURT: But that the State is going to ask for something outside the standard range.

"THE DEFENDANT: Yes.

"THE COURT: Do you have any other questions?

"THE DEFENDANT: No, sir."

[5]Additionally, a second standard for withdrawal of a guilty plea was added by the new sentencing reform act to CrR 4.2(f). It reads:

If the defendant pleads guilty pursuant to a plea agreement and the court later determines under RCW 9.94A.090 that the agreement is not binding, the court shall inform the defendant that the guilty plea may be withdrawn and a plea of not guilty entered.

As noted in the Comment, this conforms the rule to the statute (RCW 9.94A.090), to avoid any implication that manifest injustice is the standard where the court later determines the agreement is not binding.

ment. *State v. Taylor, supra* at 597; *State v. Hystad, supra* at 45. The standard is a demanding one because of the safeguards surrounding a plea of guilty. *Hystad,* at 45. Mr. Weaver has failed to provide any evidence of "manifest injustice". The court's failure to sentence according to the prosecutor's recommendation is not grounds, by itself, for withdrawal of the plea. *In re Hughes,* 19 Wn. App. 155, 161, 575 P.2d 250 (1978). Thus, we conclude there was no error.

Next, Mr. Weaver contends there were no aggravating circumstances to warrant imposition of a sentence outside the standard range and that the sentence imposed was clearly excessive. In imposing the sentence outside the standard range, the court noted several aggravating factors, including the degree of intoxication, rate of speed, severity of damage to the victim, Mr. Weaver's prior driving record, and the fact he was driving without a valid driver's license,[6] in contempt of a court order and without liability insurance.

As stated in *State v. Nordby,* 106 Wn.2d 514, 516, 723 P.2d 1117 (1986), the court may impose a sentence outside the standard range if there are substantial and compelling reasons to justify an exceptional sentence. RCW 9.94A-.120(2). The aggravating factors which the court may consider as outlined in the sentencing reform act (SRA) are only illustrative and not exclusive. *Nordby* (citing RCW 9.94A.390).

Review of a sentence is governed by RCW 9.94A-.210(4):

> To reverse a sentence which is outside the sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the

---

[6]We note the findings of fact do not make reference to a suspended license; however, the court, in its oral opinion upon sentencing, referred to a suspended license.

standard range for that offense; or (b) that the sentence imposed was clearly excessive . . .

First, it must be determined whether the reasons for the exceptional sentence are supported by the record. *Nordby,* at 517. The trial court determined Mr. Weaver should have known there would be other people on the road subject to his erratic driving; that his collision with the Logan vehicle would result in a high monetary impact on the Logan family; that he was in contempt of court for driving while under the influence and without insurance or a valid license. Mr. Weaver's prior driving record was considered insofar as it indicated his total disregard of court orders and his lack of rehabilitation effort. Mr. Weaver does not assign error to the findings; they are, therefore, verities. *State v. Harris,* 106 Wn.2d 784, 790, 725 P.2d 975 (1986). Additionally, the record supports those findings.

This court's second task is to independently determine whether the reasons justify the imposition of an exceptional sentence. *Nordby,* at 518. The fact Mr. Logan was a driver in another automobile does not in and of itself justify an exceptional sentence. *Nordby,* at 518. Neither does the severity of Mr. Logan's injuries, as that factor has been considered in defining the crime of vehicular assault. *Nordby,* at 519; RCW 46.61.522(2). Mr. Weaver's prior history of misdemeanors also is not a factor, at least with respect to the statute as it existed when the accident occurred.[7] *State v. Hartley,* 41 Wn. App. 669, 671, 705 P.2d 821, *review denied,* 104 Wn.2d 1028 (1985); *Nordby,* at 518 n.4.

In *State v. Harp,* 43 Wn. App. 340, 344, 717 P.2d 282 (1986), the court advised sentencing judges to "refer, among other factors, to the purposes of the act as stated in

---

[7]The Legislature has since amended the vehicular assault statute to include major traffic convictions in setting sentences for this crime. *See* RCW 9.94A-.360(11), effective July 1, 1986, adding one point for each additional minor traffic offense. Mr. Weaver had two prior DWI convictions which could not be counted under the then-existing law. The present offense was his third DWI with more serious consequences, thus the vehicle assault charge.

RCW 9.94A.010." Two of those purposes are (1) imposing sufficient punishment upon the offender, and (2) protecting the public. *State v. Wood,* 42 Wn. App. 78, 709 P.2d 1209 (1985).

We agree with the reasoning and conclusions of *State v. Loitz,* 366 N.W.2d 744, 746 (Minn. Ct. App. 1985), which stated:

> 4. The court further finds as an aggravating factor that this Defendant has shown a calloused disregard for the consequences of chemical use in general. The Defendant has had a long–term chemical dependency problem. He has had some prior education in the use of chemicals so he should have had some minimal insight.

Such a finding justified an exceptional sentence:

> [A]ppellant has shown a callous disregard for the consequences of chemical use. While intoxication at the time of the offense is not a valid factor, . . . a history of chemical abuse and disregard for its effects is a valid factor to consider. Substantial and compelling reasons justify the durational departure.

*Loitz,* at 747.

Here, the trial court noted several factors similar to those in *Loitz* which would cumulatively justify an exceptional sentence. Mr. Weaver had a public history of alcohol abuse, had disdained any rehabilitation, was driving without liability insurance and in contempt of a court order. His level of intoxication was twice the amount necessary to affect his driving skills, he was driving at high speed around a dangerous curve, totally losing control of the vehicle to the extent he collided with Mr. Logan's car in the opposite fog lane. Given these circumstances, we conclude this particular offense was more onerous than that contemplated by the Legislature when it established the standard sentence range as 3 to 9 months. The sentence of 30 months more adequately serves the purpose of the SRA, which in this instance is to protect the traveling public from Mr. Weaver's contempt for highway safety. Thus, we conclude there was sufficient evidence to support the exceptional

sentence.

 Mr. Weaver also contends the sentence was "clearly excessive." RCW 9.94A.210(4)(b).[8] As indicated in *State v. Oxborrow,* 106 Wn.2d 525, 529, 723 P.2d 1123 (1986), the SRA does not define "clearly excessive", but the court there ruled the standard of review should be the abuse of discretion test, *Oxborrow,* at 530, 531, rather than Minnesota's "doubling rule." *Oxborrow,* at 531. While the circumstances here do not conform to the aggravating circumstances listed in RCW 9.94A.390,[9] the list is illustrative only. Given the factors noted previously, we conclude the court did not abuse its discretion. *See also State v. Armstrong,* 106 Wn.2d 547, 723 P.2d 1111 (1986).

The judgment of the Superior Court is affirmed.

MUNSON and THOMPSON, JJ., concur.

Review denied by Supreme Court March 3, 1987.

---

[8]RCW 9.94A.210(4) provides:

"To reverse a sentence which is outside the sentence range, the reviewing court must find: . . . (b) that the sentence imposed was clearly excessive".

[9]RCW 9.94A.390 states in pertinent part:

"(2) Aggravating Circumstances

"(a) The defendant's conduct during the commission of the current offense manifested deliberate cruelty to the victim.

"(b) The defendant knew or should have known that the victim of the current offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability, or ill health.

"(c) The current offense was a major economic offense or series of offenses, so identified by a consideration of any of the following factors:

"(i) The current offense involved multiple victims or multiple incidents per victim;

"(ii) The current offense involved attempted or actual monetary loss substantially greater than typical for the offense;

"(iii) The current offense involved a high degree of sophistication or planning or occurred over a lengthy period of time;

"(iv) The defendant used his or her position of trust, confidence, or fiduciary responsibility to facilitate the commission of the current offense."