[No. 27539-9-I.   Division One.   December 31, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. SCOTT BOLTON, *Appellant*.

[22]*Bennett*, at 711-12.

212

*Eric Broman* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

FORREST, J. — Scott Bolton pleaded guilty to a charge of vehicular homicide as the result of a car accident on July 23, 1989. In calculating Bolton's offender score the court included a 1987 conviction for DWI and four juvenile felony convictions. The standard range sentence was 31 to 41 months. The State and the community corrections officer recommended a sentence of 41 months. The court imposed a 60-month exceptional sentence.

The court's written "Reasons for exceptional sentence" included:

> The defendant has a history of driving while under the influence. The defendant has a long-term alcohol abuse problem. After being released on his personal recognizance on this charge, the defendant was arrested for causing another alcohol-related collision, for which DWI and hit and run charges are pending. Because of the total irreversibility of the defendant's drinking and driving habit, the court imposes an exceptional sentence upwards. *See, State v. Smith,* 58 Wn. App. 621, 627[, 794 P.2d 541 (1990)].

█ In reviewing an exceptional sentence this court must determine if the reasons cited by the lower court in support of the sentence are, as a matter of law, substantial and compelling.[1] We hold the court's findings of (1) Bolton's callous disregard for the effects of alcohol, and (2) pending

---

[1] *State v. Stephens,* 116 Wn.2d 238, 803 P.2d 319 (1991).

charges are legally insufficient to justify the exceptional sentence, and we remand for sentencing.[2]

## I

### CALLOUS DISREGARD AND FUTURE DANGEROUSNESS

[2, 3] At the time the court imposed the sentence there was a group of cases approving an exceptional sentence in vehicular assault and homicide cases based on the defendant's callous disregard of the consequences of chemical abuse.[3] If these cases were still good precedent they would support the sentence imposed. However, in *State v. Barnes*,[4] the Supreme Court expressly held that future dangerousness was impermissible as an aggravating factor except in sexual offense cases. In so holding the court overruled *State v. Smith*,[5] the one case expressly relied upon in this case by the trial court. Although *Barnes* did not expressly overrule the other cases relied upon by the State, its rationale renders them of little, if any, precedential authority.

In *State v. Weaver*, 46 Wn. App. 35, 43, 729 P.2d 64 (1986), *review denied*, 107 Wn.2d 1031 (1987), the court noted the defendant's history of alcohol abuse and disdain for treatment made the standard sentence inadequate to "protect the traveling public from Mr. Weaver's contempt for highway safety." In *State v. Roberts*[6] the court approved consideration of this aggravating factor[7] by relying on the reasoning of

---

[2]It is therefore unnecessary to address whether the record supports these findings.

[3]*State v. Thomas*, 57 Wn. App. 403, 788 P.2d 24, *review denied*, 115 Wn.2d 1003 (1990); *State v. Roberts*, 55 Wn. App. 573, 779 P.2d 732, *review denied*, 113 Wn.2d 1026 (1989); *State v. Davis*, 53 Wn. App. 306, 315, 766 P.2d 1120, *review denied*, 112 Wn.2d 1015 (1989); *State v. Weaver*, 46 Wn. App. 35, 729 P.2d 64 (1986), *review denied*, 107 Wn.2d 1031 (1987).

[4]117 Wn.2d 701, 818 P.2d 1088 (1991).

[5]58 Wn. App. 621, 627, 794 P.2d 541 (1990).

[6]55 Wn. App. 573, 779 P.2d 732, *review denied*, 113 Wn.2d 1026 (1989).

[7]The facts in *Roberts* were significantly more egregious, particularly because the defendant *intentionally* committed the vehicular homicide. The court cited

*Weaver.* More telling is the most recent opinion in *State v. Thomas.*[8] The *Thomas* opinion follows the criteria for finding a valid consideration of future dangerousness and states the holding is "[b]ased on *Davis*". *Thomas,* at 409 (citing *State v. Davis,* 53 Wn. App. 306, 315, 766 P.2d 1120, *review denied,* 112 Wn.2d 1015 (1989)). *Davis* cited the defendant's history of alcoholism and unsuccessful treatment as support for a finding of future dangerousness.[9]

In all these cases it seems clear that "callous disregard" was used as an aggravating factor in that the defendant would continue substance abuse and commit similar crimes — in short be dangerous in the future. The dissent in *Barnes* clearly recognized the majority opinion rendered this line of cases no longer valid when it cited *Davis* as a nonsexual offense case in which future dangerousness was properly considered.[10] Comparison of the rationale used in both circumstances demonstrates that a finding of "callous disregard" is a finding of "future dangerousness". In *State v. Pryor,*[11] in which the Supreme Court established the 2-part test utilized in applying future dangerousness in sexual offense cases, the court recognized that a defendant's history of similar sexual offenses, combined with his lack of amenability to treatment, made him a threat to the community in that he would likely reoffend. The vehicular assault cases citing callous disregard for the effects of alcohol rely on this same reasoning. While the vehicular assault and homicide cases do not all expressly cite future dangerousness as one of the aggravating factors, it is clear, both from the *Barnes* opinion and the analysis of

---

the defendant's especially culpable state of mind as an independent basis for the exceptional sentence. *Roberts,* at 585-86.

[8]57 Wn. App. 403, 788 P.2d 24, *review denied,* 115 Wn.2d 1003 (1990).

[9]*Davis,* 53 Wn. App. at 315. The court cited the analysis of *Weaver,* and *In re George,* 52 Wn. App. 135, 148, 758 P.2d 13 (1988), which is a sex offense case in which future dangerousness was considered.

[10]*Barnes,* at 716 (Dolliver, J., dissenting).

[11]115 Wn.2d 445, 799 P.2d 244 (1990).

these cases, that callous disregard for the effects of alcohol may no longer be utilized to impose an exceptional sentence. Accordingly, the trial court's reliance on the history of alcoholism and driving was error.

We find support for our decision in the order filed by the Supreme Court in *State v. Craft*.[12] The court granted the petition for review and ordered the case "remanded to Division I of the Court of Appeals to consider in light of the decision in *State v. Barnes*, 117 Wn.2d 701[, 818 P.2d 1088] (1991)."

In his petition for review, Craft acknowledged "a number of decisions of the Court of Appeals suggesting criteria for future dangerousness specifically applicable to vehicular assault and vehicular homicide cases . . .." Craft requested the Supreme Court to either clarify whether *Pryor* applies to those cases or, in the alternative, stay consideration of his petition for review pending resolution of *Barnes*.

The court's order in *Craft* directing reconsideration in light of *Barnes* strongly suggests that *Barnes* precludes the imposition of an exceptional sentence on the grounds that a defendant is a threat to the community because of drinking and driving and disrespect for the law. Accordingly, we find *Craft* to be in support of our decision here.

The dissent urges that callous disregard and future dangerousness are separate and distinct aggravating factors. Future dangerousness is a judicial prediction of the likelihood the defendant will reoffend in the future, based on the defendant's amenability to treatment. Callous disregard is said to focus on the defendant's especially culpable state of mind at the time of the offense, evidenced by his awareness of a substance abuse problem and failure to take steps to cure the problem. Dissent, at 222-23.

A close reading of the cases cited by the dissent shows that callous disregard and future dangerousness are intertwined and reflect the same judicial concern for future public safety. Indeed, if it were not for the risk of future harm, it is hard to see why an alcoholic should be punished more

---

[12]Noted at 118 Wn.2d 1015 (1992).

severely. Since future dangerousness is now foreclosed, the dissent rests on the proposition that an alcoholic who has rejected or failed to profit from treatment is subject to an exceptional sentence where a nonalcoholic committing the same identical crime would not be. This is inconsistent with the Sentencing Reform Act of 1981 (SRA) philosophy of "just deserts", that punishment is determined by the crime and the criminal history, not the personal characteristic of the defendant.[13]

■ Indeed, treating alcoholics differently from nonalcoholics in the absence of legislative direction was explicitly rejected by the Supreme Court in *State v. Allert*, 117 Wn.2d 156, 167, 815 P.2d 752 (1991), which stated:

> If the legislature intends that intoxication by an alcoholic be treated differently for sentencing purposes than intoxication by one not an alcoholic, then that decision is better suited to the legislative process . . ..

*See also State v. Harper*[14] and *State v. Pennington*.[15] We recognize that these cases were addressing alcoholism or substance abuse as a mitigating factor rather than as an aggravating factor. However, we believe that the same reasoning applies.

It is less than clear that an alcoholic who drinks too much and drives is more culpable than a nonalcoholic who drinks too much and drives. In some ways, indeed, the converse seems more plausible. The unstated premise seems to be that failure to profit from alcoholic treatment is voluntary and, therefore, culpable. No empirical evidence is cited and common experience suggests that "cures" of alcoholism are the exception rather than the rule. In any event, the culpable act is not drinking too much but, having done so, deciding to drive a car. At that point the culpability seems exactly equal.

---

[13]*See* RCW 9.94A.340.

[14]62 Wn. App. 69, 813 P.2d 593 (1991), *review denied*, 118 Wn.2d 1017 (1992).

[15]112 Wn.2d 606, 772 P.2d 1009 (1989).

■ In this connection, the trial court stated that Bolton had a long history of driving while under the influence. Bolton's one prior conviction for DWI was used in calculating the standard sentence and, accordingly, could not be used as an aggravating factor.[16] Any uncharged crimes are not allowed to be used as aggravating factors.[17] Insofar as the driving history is evidence of future dangerousness, it would be improper for the reasons already stated. It seems clear that the trial judge's basic conclusion was that Bolton, because of his history, represented a threat to the public and we hold that this is not a proper factor to be used as a basis for an exceptional sentence.

## II
### PENDING CHARGES

■ The other basis for the trial court's holding was that "[a]fter being released on his personal recognizance on this charge, the defendant was arrested for causing another alcohol-related collision, for which DWI and hit and run charges are pending." Pending charges or unproved allegations may not be considered as aggravating factors supporting an exceptional sentence.[18] Reliance on pending charges violates the constitutional presumption of innocence and is a clearly inappropriate factor to be considered.[19]

The State attempts to justify use of the pending charges arguing Bolton did not dispute the presentence report (PSI), and that the trial court should be allowed to consider the violation of Bolton's pretrial release. This reasoning is unpersuasive.

■ It is not clear that Bolton failed to object to the court considering the subsequent DWI. In fact, when the State

---

[16]*State v. Barnes*, 117 Wn.2d 701, 706, 818 P.2d 1088 (1991). *See also Dunivan*, 57 Wn. App. at 337.

[17]*Barnes*, at 707.

[18]*Barnes*, at 707.

[19]*State v. Melton*, 63 Wn. App. 63, 817 P.2d 413 (1991), *review denied*, 118 Wn.2d 1016 (1992).

brought the issue to the court's attention defense counsel expressed surprise, and began to object. The prosecutor then noticed that there had been no conviction and apologized to the court, impliedly recognizing that it was not a proper factor. In any case, even if Bolton admitted the contents of the PSI it is not the equivalent of a guilty plea or conviction and the court may not consider these facts as aggravating circumstances to impose an exceptional sentence.

The State cites no authority suggesting the court may consider violation of conditions of pretrial release in imposing an exceptional sentence.[20] Assuming there is a basis for this argument in some limited cases, the State fails to explain how this would be proper when the alleged violation involves a pending criminal charge. If Bolton should be acquitted or otherwise avoids conviction for the pending charges, it would obviously be improper to have used them against him in sentencing for this offense. On the other hand, if use of the charges is permitted, Bolton could be punished twice for the pending charges if he is ultimately convicted. If Bolton is convicted of the pending charges, the SRA provides appropriate penalties since the current offense will become part of his criminal history for sentencing purposes on those charges.

While Bolton's exceptional sentence was supported by case law at the time it was imposed, the factors relied on by the trial court are not permissible as the law now stands.

Reversed and remanded for sentencing within the standard range.

SCHOLFIELD, J., concurs.

AGID, J. (dissenting) — I cannot agree with the majority's disposition of this case because an exceptional sentence based on the defendant's callous disregard for the effects of

---

[20]*See State v. Lord*, 117 Wn.2d 829, 853, 822 P.2d 177 (1991) (appellate court may decline to review arguments unsupported by legal authority), *cert. denied*, ___ U.S.___, 121 L. Ed. 2d 112, 113 S. Ct. 164 (1992).

chemical abuse is not the same as one based on the now-impermissible aggravating factor of "future dangerousness".

Bolton, who admitted to the presentence writer and the trial court that he has been abusing alcohol since age 10, killed another person while driving with a blood alcohol level of .29. Although he has been in treatment for his alcoholism twice and admitted to the court that alcohol has rendered him dysfunctional in most aspects of life, he is aware of and continues to disregard the effects of alcohol on his behavior. The presentence report described this history:[21]

> [Bolton] began using alcohol when he was 10 years old and he has had a number of Driving While Intoxicated citations, alcohol-related accidents, job losses, school problems, and relationship problems with the opposite sex as a result of his alcohol abuse. He has continued to abuse alcohol since the offense described in this report and had another Driving While Intoxicated and Hit and Run accident which has not yet been disposed of in King County. . . .
>
> . . . .
>
> Bolton has been involved in substance abuse treatment on two occasions. His first treatment effort was at Milam Recovery Center where he said he left three days before he was scheduled to finish the treatment program because counselors were "pressuring" him. He later completed a 21 day treatment program at Cedar Hills but has never voluntarily participated in Alcoholics Anonymous or Narcotics Anonymous. His drinking has continued with only minor interruptions since he was 10 years old.

This court has recognized callous disregard for the effects of chemical use as an aggravating factor in a number of cases. The first case to do so was *State v. Weaver*, 46 Wn. App. 35, 43, 729 P.2d 64 (1986) (quoting *State v. Loitz*, 366

---

[21]Bolton disputed none of the facts in the presentence report at sentencing. His attorney stated that Bolton had given "complete and accurate" information to the presentence writer. Bolton told the sentencing judge: "I've been troubled all my life because of alcoholism . . . I have never had any responsibility because I've always been drunk." Under RCW 9.94A.370(2), the trial court may properly consider any information not disputed by the defendant, including information in the presentence report to which he does not object.

N.W.2d 744, 746 (Minn. Ct. App. 1985)), *review denied*, 107 Wn.2d 1031 (1987).[22] There the court stated that

> [w]hile intoxication at the time of the offense is not a valid factor, . . . a history of chemical abuse and disregard for its effects is a valid factor to consider.

The same aggravating factor was upheld in *State v. Roberts*, 55 Wn. App. 573, 582-83, 779 P.2d 732, *review denied*, 113 Wn.2d 1026 (1989) and *State v. Thomas*, 57 Wn. App. 403, 408, 788 P.2d 24 (using a future dangerousness rationale with callous disregard as one element of the analysis), *review denied*, 115 Wn.2d 1003 (1990); *State v. Dunivan*, 57 Wn. App. 332, 337, 788 P.2d 576 (1990) (recognizing callous disregard as an aggravating factor although facts did not support its use in this case).

The majority takes the position that disregard for the effects of substance abuse is the same as future dangerousness. Therefore, it reasons, callous disregard for chemical abuse is no longer a permitted basis for an exceptional sentence because the Supreme Court held in *State v. Barnes*, 117 Wn.2d 701, 818 P.2d 1088 (1991) that future dangerousness may only be used as an aggravating factor in cases where the defendant was convicted of a sex offense.[23] This

---

[22]Because the Minnesota statute is similar in many respects to ours, Washington courts frequently rely on cases from Minnesota in interpreting the Sentencing Reform Act of 1981. *State v. Collicott*, 118 Wn.2d 649, 658 n.15, 827 P.2d 263 (1992); *State v. Nordby*, 106 Wn.2d 514, 521, 723 P.2d 1117 (1986).

[23]It should be noted that *Barnes* does not rule out all indices of "dangerousness" as grounds for exceptional sentences in cases other than those involving sex offenses. For example, in *State v. McAlpin*, 108 Wn.2d 458, 740 P.2d 824 (1987), the court held that it was proper to consider the defendant's convictions prior to age 15 even though they could not be counted in the standard range. "Society is entitled to view the long-term repeater of crimes from an early age as a greater threat and as requiring longer institutional supervision than one whose criminal proclivities are not as deeply ingrained." 108 Wn.2d at 464. *Accord, Dunivan*, 57 Wn. App. at 337 (trial court may consider "washed out" convictions as an aggravating factor in a vehicular homicide case).

view overlooks the significant differences between callous disregard and future dangerousness.[24]

Future dangerousness is a judicial prediction of the "likelihood [that] an individual may pose a danger to the public *in the future*." (Italics mine.) *State v. Pryor*, 115 Wn.2d 445, 454, 799 P.2d 244 (1990). Therefore, a sentence in which the court relies on future dangerousness as an aggravating factor must include an evaluation of amenability to treatment, as this "is crucial in assessing" what the defendant may be expected to do after he is released from confinement. *Pryor*, at 454.

The callous disregard aggravating factor says nothing about what the defendant may do at some future time. Rather, it focuses on the defendant's especially culpable mental state at the time of the offense.[25] It is the defendant's proven awareness of a serious substance abuse problem which has, in the past, led to similar criminal behavior, accompanied by an unwillingness to take steps to cure the problem, that makes

---

[24]This confusion is not unique to the majority in this case. In at least three cases, the court has treated the "callous disregard" aggravating factor as a component of the future dangerousness factor. *See, e.g., State v. Davis*, 53 Wn. App. 306, 315, 766 P.2d 1120, *review denied*, 112 Wn.2d 1015 (1989); *State v. Campos*, 59 Wn. App. 561, 565, 799 P.2d 744 (1990), *remanded*, 118 Wn.2d 1014 (1992); *State v. Thomas*, *supra*. In these cases, the courts cite a history of substance abuse, combined with treatment and counseling and followed by continued disregard for the effects of chronic abuse of alcohol or drugs, as supporting the conclusion that the "defendant poses a significant threat to society of continued criminal activity . . . [and] support[ing] a finding of future dangerousness." *Davis*, 53 Wn. App. at 315. In those cases the defendant is, as the majority says, punished in part for a voluntary failure "to profit from [alcohol] treatment". Majority, at 217. However, if we recognize that the callous disregard factor is confined to past behavior, rejection of or failing in substance abuse treatment is simply an indication that the defendant is, in fact, aware that he has a serious substance abuse problem, has been made aware of its effects and nevertheless chooses to ignore them. While he may be compelled by his addiction to alcohol to *drink*, it does not compel him to drive or to commit a crime.

[25]In other contexts, the Supreme Court has recognized that a greater level of culpability than that accounted for by the Legislature in the presumptive sentencing range is an appropriate basis for an exceptional sentence. *See, e.g., State v. Batista*, 116 Wn.2d 777, 787-88, 808 P.2d 1141 (1991) (where facts establish a higher level of culpability than is accounted for in the standard range, an exceptional sentence may be imposed); *State v. Fisher*, 108 Wn.2d 419, 428, 739 P.2d 683 (1987) (same).

him more culpable when he again repeats the behavior than he would be if he had not had prior warnings and an opportunity to change his behavior. Thus, greater culpability is a valid basis for an exceptional sentence because it makes the charged offense "more onerous than that contemplated by the Legislature when it established the standard sentence range" for the offense. *Weaver*, 46 Wn. App. at 43; *see also Roberts*, 55 Wn. App. at 582-83; *Dunivan*, 57 Wn. App. at 337-38.

This is not the same rationale as that employed in the future dangerousness analysis where the focus is on protecting society from a person who, because he is not amenable to treatment, presents a significant danger of reoffending in the future. *See, e.g.*, *Pryor*, 115 Wn.2d at 454; *State v. Post*, 118 Wn.2d 596, 616, 826 P.2d 172 (1992) (protection of the public is invalid as a separate aggravating factor because it "is the very rationale of the future dangerousness factor").

I do not read the remand in *State v. Craft*, noted at 118 Wn.2d 1015 (1992), as mandating reversal in this case. The trial court in *Craft* did not rely on callous disregard of the effects of alcohol abuse in imposing an exceptional sentence. It did rely, in part, on its prediction that Craft was and would continue to be a threat to the community; *i.e.*, future dangerousness. This court recognized that the trial court's exceptional sentence was based on future dangerousness in its unpublished opinion remanding the case to the trial court for reconsideration of its exceptional sentence. *State v. Craft*, noted at 64 Wn. App. 1007 (1992). No mention was made of the callous disregard rationale by this court or by the trial court. Thus, the majority must rely on its conclusion that callous disregard and future dangerousness are the same factor and respond to identical sentencing concerns in order to conclude that the trial court in *Craft* cannot rely on callous disregard when it resentences the defendant. Because I disagree with that major premise, I cannot agree that, by remanding *Craft*, the Supreme Court rejected callous disregard of the effects of chemical abuse as a separate, valid aggravating factor.

I agree with the majority, for the reasons stated in its opinion, that the trial court could not rely on the pending

charges in King County. However, because I believe callous disregard is neither the same as future dangerousness nor an impermissible aggravating factor in a vehicular homicide case, I would remand the case to the trial court to determine whether the court would still impose an exceptional sentence disregarding the pending charges.