[No. 13615-9-III.    Division Three.    February 16, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN R. HICKS, *Appellant*.

*William D. Edelblute,* for appellant.

*James Nagle, Prosecuting Attorney,* and *Jean W. Waller, Deputy,* for respondent.

SCHULTHEIS, J. — John Hicks pleaded guilty to one count of possession of depictions of a minor engaged in sexually explicit conduct. He was given an exceptional sentence of 5 years and contends: (1) the trial court erred in considering the child in the photographs a victim for purposes of imposing an exceptional sentence; (2) the court's other stated reasons do not justify enhancement; and (3) the sentence is clearly excessive. We reverse and remand for resentencing.

Mr. Hicks was found in possession of photographs of his 2-year-old granddaughter in varying stages of undress with her genitalia displayed in several. He was charged with a class B felony under RCW 9.68A.040(1)(b) with sexual exploitation of a minor and a class C felony under RCW 9.68A.070 with possession of a depiction of a minor engaged in sexually explicit conduct. The exploitation count was dismissed as a result of plea bargaining leaving only the lesser offense. As an unclassified crime under RCW 9.94A.320, the standard sentencing range was 0 to 12 months and the prosecution recommended 12 months. The presentence report made the same recommendation. The trial court imposed the 5-year statutory maximum.

On review of an exceptional sentence, an appellate court will consider: (1) whether the trial court's reasons for departure are supported by the record; (2) whether the reasons justify the sentence imposed; and (3) whether the sentence imposed was clearly too lenient or clearly too excessive. *State v. Pryor,* 115 Wn.2d 445, 450, 799 P.2d 244 (1990).

The first prong is tested under the clearly erroneous standard, the second is reviewed de novo as a matter of law and the third is tested for abuse of discretion. *Pryor*, at 450.

Mr. Hicks argues that before one can be a "vulnerable victim" he or she must first be a victim. We agree. A "victim" is defined in former RCW 9.94A.030(32) as "any person who has sustained emotional, psychological, physical, or financial injury to person or property as a direct result of the crime charged." In most instances, a child who is photographed in a state of undress and whose picture is then disseminated for viewing pleasure is a victim. Here, however, there is no factual basis in the record to evaluate this particular individual's injury. The court found: "[T]he child in this case was an infant who could not protect herself in any fashion, *or even understand or comprehend what was going on.*" (Italics ours.) There is no showing she was aware her grandfather possessed nude photographs of her.[1] What the court was apparently referring to was the child's level of understanding and comprehension when she was photographed. Mr. Hicks admitted to police upon being arrested he was the photographer. That is why he was initially charged with exploitation. However, the State dismissed the count.

The finding the child was a victim is not supported by the evidence. The State's contention that a 2-year-old is absolutely vulnerable is true, but to hold a 2-year-old is invariably a victim would allow a court to always enhance a sentence for an offense which the Legislature has left unranked whenever the subject of the photograph has not yet reached the age of reason.

The court also considered enhancement warranted for the following reasons:

> This is an unranged offense. And in computing the standard range for an unranged offense, the prior history is not included. That is; your prior criminal history is not included in building that standard range.
>
> And for that reason, I am going to impose an exceptional sentence because I find there are substantial and compelling

---

[1]Efforts to contact the child's parents proved futile and no statement was taken from any family member other than Mr. Hicks.

reasons to impose an exceptional sentence in this case. That is; mainly — or not mainly — that is; namely, your prior criminal history, which includes child molestations and convictions, or one child molestation conviction set forth in the findings here and a conviction for sodomy, first degree, and sexual abuse. There are three sex crimes convictions. The Court doesn't have information that the latter two are abuse of children. But they are still sex crimes. And for those reasons, I find that you have a strong proclivity to commit these kinds of crimes.

This was based on Mr. Hicks' prior convictions dating back to 1977 for child molestation, lewd and lascivious conduct, sodomy and first degree sexual abuse. The first two charges resulted in a sentence of 34 months from which Mr. Hicks was paroled in 1980. In 1981, he was sentenced to 8 years on the latter two counts and paroled in 1988. Although recommending the upper end of the standard 0- to 12-month range, the presentence report notes that Mr. Hicks "is a high risk to re-offend" absent receiving treatment and control.[2]

In weighing the justifying reasons stated by the trial court for imposing an enhanced sentence, an appellate court makes an independent inquiry into whether the reasons given warrant the imposition of an exceptional sentence as a matter of law, are substantial and compelling, and consist of factors other than those which are necessarily considered in computing the presumptive range. *State v. Smith*, 123 Wn.2d 51, 55, 864 P.2d 1371 (1993).

The court correctly held it had authority to consider a defendant's prior criminal history when such history has not already been factored into the presumptive sentencing range. *State v. Oksoktaruk*, 70 Wn. App. 768, 773-74, 856 P.2d 1099 (1993). This approach, under the facts of this case, effectively applies a "future dangerousness" standard in disguise. Finding a defendant has "a strong proclivity to commit these kinds of crimes" is another way of saying he will likely reoffend. Based on Mr. Hicks' 16-year history of sexual misconduct and admitted fascination with young girls, this may be true as a question of fact, but the problem with

---

[2]Mr. Hicks conceded at sentencing that his conduct was wrong, but upon initially being arrested, thought it an appropriate alternative means of relieving his sexual urges.

finding future dangerousness is twofold. First, the procedural requirement of receiving expert testimony on amenability to treatment was not met. *Pryor*, at 455. Second, while the crime Mr. Hicks was convicted of is manifestly sexual in nature, it is not a sex offense enumerated in former RCW 9.94A.030(29). Except for sex crimes, the rule is: "Because future dangerousness punishes an offender for a crime which the State has neither charged nor proven, it cannot, and should not, be considered in imposing a sentence." *State v. Barnes*, 117 Wn.2d 701, 707, 818 P.2d 1088 (1991).

■■ The State relies on *State v. McAlpin*, 108 Wn.2d 458, 464, 740 P.2d 824 (1987) for the following proposition: "Society is entitled to view the long-term repeater of crimes from an early age as a greater threat and as requiring longer institutional supervision than one whose criminal proclivities are not as deeply ingrained." Assuming this aspect of *McAlpin* survives *Barnes*, subsequent case law renders it clear the decision cannot apply to these facts. What label an aggravating factor bears is not dispositive. The question is what purpose it serves. *State v. Post*, 118 Wn.2d 596, 616, 826 P.2d 172, 837 P.2d 599 (1992) ("protection of the public" has no content apart from "future dangerousness"; "they express the same concerns"); *State v. Bolton*, 68 Wn. App. 211, 215, 842 P.2d 989 (1992) ("callous disregard" is not a separate aggravating factor; "a finding of 'callous disregard' is a finding of 'future dangerousness' "). In like manner, a finding that a defendant has "a strong proclivity to commit these kinds of crimes" is in reality a finding that he will be dangerous to society in the future. *See Bolton*, at 215. The trial court could not have been looking backward. To do so would be to impose additional punishment for crimes already committed. The court could have only been looking forward to crimes yet to be committed. Doing so breached the precept that "Because future dangerousness punishes an offender for a crime which the State has neither charged nor proven, it cannot, and should not, be considered in imposing a sentence." *Barnes*, at 707.

The State also relies on the "more onerous than typical" test first formulated in *State v. Weaver*, 46 Wn. App. 35, 43, 729 P.2d 64 (1986), *review denied*, 107 Wn.2d 1031 (1987) and endorsed by *Oksoktaruk*. The test has been explained as justified by the assumption that the Legislature did not contemplate the truly extreme case when setting the standard range. *State v. Perez*, 69 Wn. App. 133, 139, 847 P.2d 532, *review denied*, 122 Wn.2d 1015 (1993). Mr. Hicks' conduct was not more onerous than typical. Nothing takes this offense out of the typical case except for Mr. Hicks' criminal history and his proclivity to reoffend.

There is no need to consider whether the sentence is clearly excessive because there is no basis for enhancement. Victim vulnerability is an inappropriate enhancement factor for lack of an evidentiary basis and future dangerousness is inappropriate as a matter of law.[3]

Finally, Mr. Hicks has submitted a brief pro se, which we have carefully considered. We find nothing in it which would add to the able presentation made by his counsel.

Reversed and remanded for resentencing.

SWEENEY, A.C.J., and MUNSON, J., concur.

---

[3]Based on the authorities cited, the court erred in treating Mr. Hicks' proclivity for reoffending as an aggravating factor. However, if a valid enhancement factor were found, thus satisfying the threshold for imposing an exceptional sentence, future dangerousness would then constitute a basis for setting the length of the sentence. *State v. McCune*, 74 Wn. App. 395, 397-98, 873 P.2d 575, *review denied*, 125 Wn.2d 1006 (1994).