[No. 13567-5-III.   Division Three.   June 13, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSE QUIROS, AKA JOSE QUIROS RIVERA, *Appellant*.

*Hugh M. Spall, Jr.*, for appellant.

*Bruce Hanify, Deputy Prosecuting Attorney*, for respondent.

SWEENEY, J. — Jose Quiros drove a car approximately 85 m.p.h. through a residential street and collided with a pickup truck, severely injuring the driver and his two sons. He entered a plea of guilty to three counts of vehicular assault. The court imposed an exceptional sentence based on Mr. Quiros' excessive speed, the failure to submit to evaluation and treatment for alcohol abuse, and the severe injuries suffered by the three innocent victims. Mr. Quiros appeals the exceptional sentence. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

On the night of August 8, 1993, Mr. Quiros was operating a motor vehicle in a residential neighborhood in Yakima where the posted speed limit was 30 m.p.h. Witnesses estimated the speed of Mr. Quiros' vehicle at 100 m.p.h. At an intersection, his vehicle collided with a pickup traveling at less than 15 m.p.h. The driver of the pickup and his two young sons were severely injured. According to an accident reconstruction expert, at the time of the accident Mr. Quiros' vehicle was driving at approximately 85 m.p.h. His blood alcohol content was measured at .17.

Mr. Quiros was charged with three counts of vehicular assault and one count of hit and run injury. RCW

46.61.522;[1] RCW 46.52.020. He pleaded guilty to all three vehicular assault counts; the hit and run charge was dismissed. Mr. Quiros has prior convictions for driving while under the influence.

The presumptive range for each count of vehicular assault was 13 to 17 months. Based on an offender score of three, the court then imposed an exceptional sentence of 60 months on each count, to be served concurrently. Although multiple victims were involved, the court ruled that the three counts of vehicular assault were the same criminal conduct because all three victims occupied the same vehicle. It noted that

> while one cannot consider as an independent fact the injuries suffered by all three of these people, the injuries, very severe injuries, are evidence of extreme speed and the force of the collision, which clearly shows that the facts of this case and investigation are substantially, and I emphasize substantially, more onerous than one would ordinarily find in a vehicular assault case.

The court also attached significance to the combination of speed and alcohol and, based on that combination, entered the following findings:

> 3. The defendant's driving (85 miles per hour through a residential area with a posted 30 mph speed limit) constitutes an aggravating factor in that it was more egregious than the typical driving which leads to a Vehicular Assault. see *[State v.] Oksoktaruk*, [70 Wn. App. 768, 856 P.2d 1099 (1993)] and *State v. Weaver*, 46 Wn. App. 35[, 729 P.2d 64] (1986)[, *review denied*, 107 Wn.2d 1031 (1987)].
>
> 4. The defendant's failure to submit to evaluation and treatment for alcohol abuse, despite the sentencing orders entered following his convictions for Driving While Under the Influence, and his continued abuse of alcohol, which led

---

[1]RCW 46.61.522(1) defines vehicular assault as follows:

"A person is guilty of vehicular assault if he operates or drives any vehicle:

"(a) In a reckless manner, and this conduct is the proximate cause of serious bodily injury to another; or

"(b) While under the influence of intoxicating liquor or any drug, . . . and this conduct is the proximate cause of serious bodily injury to another."

to the commission of these crimes and the severe injury to three innocent victims, constitute aggravating factors. *State v. Thomas*, 57 Wn. App. 403[, 788 P.2d 24, *review denied*, 115 Wn.2d 1003] (1990).

Mr. Quiros appeals.

### ■ Standard of Review.

To reverse a sentence which is outside the sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

RCW 9.94A.210(4).

The reasons given by the sentencing court here for the exceptional sentence were (1) Mr. Quiros' speed of 85 m.p.h. in a residential neighborhood; (2) his failure to submit to evaluation and treatment for alcohol abuse; and (3) the severe injuries suffered by the three innocent victims. Mr. Quiros challenges only whether the reasons for the sentence justify a departure from the presumptive standard range. Accordingly, our review is limited to an evaluation of whether, as a matter of law, the sentencing court's reasons justify a departure from the standard range. *State v. Allert*, 117 Wn.2d 156, 163, 815 P.2d 752 (1991).

**Excessive Speed.** Mr. Quiros first contends driving 85 m.p.h. through a 30 m.p.h. residential neighborhood constitutes the crime of reckless driving.[2] He argues that because he was not charged with the offense of reckless driving, the court's use of this factor violates the real facts doctrine. RCW 9.94A.370(2).[3]

■■ An exceptional sentence may not be based on an

---

[2]RCW 46.61.500(1) states that "[a]ny person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving".

[3]That statute states in part:

unproven or uncharged crime. *State v. McAlpin*, 108 Wn.2d 458, 466, 740 P.2d 824 (1987); *State v. Ratliff*, 46 Wn. App. 466, 468-69, 731 P.2d 1114 (1987). The underlying facts and nature of the crime can and should, however, be a basis for an exceptional sentence. *State v. Perez*, 69 Wn. App. 133, 138, 847 P.2d 532 (citing David Boerner, *Sentencing in Washington* §§ 9.6-9.7 (1985)), *review denied*, 122 Wn.2d 1015 (1993).

■ In *Perez*, the defendant entered a plea of guilty to vehicular homicide. The court imposed an exceptional sentence based, in part, on the "more onerous" circumstances of the offense. The defendant argued the exceptional sentence was not justified because the "entire universe of possible vehicular homicides" had been considered by the Legislature in setting the presumptive sentence range for the offense. *Perez*, at 137. Noting that the list of statutory aggravating factors is merely illustrative and not exclusive, the court disagreed and held that an exceptional sentence may be imposed if the combined facts make the offense more egregious than typical. *Perez*, at 138.

Similarly, in *State v. Oksoktaruk*, 70 Wn. App. 768, 771, 856 P.2d 1099 (1993), an exceptional sentence was imposed after the court determined the defendant's driving was "far more egregious than the 'typical' driving which leads to a vehicular homicide". The court said

> the "more onerous than typical" rationale is a valid aggravating factor, and we further conclude that the use of that factor here was proper. Oksoktaruk's high blood alcohol level, over twice the legal limit of intoxication, and egregious driving justify the trial court's decision to treat him differently than the typical defendant who becomes intoxicated and then drives.

*Oksoktaruk*, at 775.

The sentencing court here did not rely on uncharged

---

"In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing".

crimes to justify the exceptional sentence. Instead, it considered the underlying facts and circumstances of this vehicular assault. Mr. Quiros' blood alcohol level was .17. He drove between speeds of 85 and 100 m.p.h. through a residential area. The sentencing court determined his driving was more egregious than the driving of a typical vehicular assault. As the court in *Perez* noted at page 137, "[t]he sentencing reform act did not eliminate judicial discretion to fashion individualized sentences when the facts of a particular case demand it". The more egregious circumstances of Mr. Quiros' vehicular assault distinguish his violation from other vehicular assaults and accordingly the sentencing court did not err.

**Failure to Submit to Alcohol Evaluation.** Mr. Quiros next asserts the court erred in justifying the exceptional sentence on the basis of future dangerousness. He urges that even though he has a history of drug and alcohol offenses, future dangerousness cannot be considered as an aggravating factor because his was not a sexual offense. *State v. Barnes*, 117 Wn.2d 701, 818 P.2d 1088 (1991).

Mr. Quiros is mistaken; the court did not rely on future dangerousness as an aggravating factor. The sentencing court determined that an exceptional sentence was warranted because Mr. Quiros did not submit to evaluation and treatment for alcohol abuse despite prior court orders to do so: "I will adopt the state's position concerning the frequency of the DWI convictions in this case, the total disregard, blatant disregard of court orders not only as to alcohol evaluation and treatment . . .". Contrary to Mr. Quiros' assertion, the court did not rely on future dangerousness to support the exceptional sentence. *But see State v. Bolton*, 68 Wn. App. 211, 215, 842 P.2d 989 (1992) (callous disregard of consequences of substance abuse in essence means defendant would continue substance abuse and be dangerous in the future). As the dissent in *Bolton* observed, callous disregard and future dangerousness are significantly different. *Bolton*, at 222 (Agid, J., dissenting).

Future dangerousness is a judicial prediction of the

"likelihood [that] an individual may pose a danger to the public in the future." *State v. Pryor*, 115 Wn.2d 445, 454, 799 P.2d 244 (1990). On the other hand, the court's focus on Mr. Quiros' disregard does not address what the defendant may do in the future. Instead, it is the defendant's awareness of the substance abuse problem accompanied by "an unwillingness to take steps to cure the problem, that makes him more culpable when he again repeats the behavior than he would be if he had not had prior warnings and an opportunity to change his behavior". *Bolton*, at 222 (Agid, J., dissenting). As a result of that unwillingness, the defendant's criminal conduct is " 'more onerous than that contemplated by the Legislature when it established the standard sentence range' ". *Bolton*, at 222 (Agid, J., dissenting) (quoting *State v. Weaver*, 46 Wn. App. 35, 43, 729 P.2d 64 (1986), *review denied*, 107 Wn.2d 1031 (1987)).

▪ The court here did not address what Mr. Quiros might do after he was released. Mr. Quiros' refusal to submit, *in the past*, to alcohol rehabilitation made the present offenses more onerous. The trial court therefore properly considered his blatant disregard of prior court orders as an aggravating factor.

**Multiple Victims—Severity of Injuries.** Mr. Quiros further asserts the court erred in relying on both the severity of the injuries and the number of victims. He argues that because all the victims were in the same vehicle, all three offenses should be treated as the same criminal conduct. *See State v. Danis*, 64 Wn. App. 814, 826 P.2d 1096 (one is less culpable in hitting one car even though two victims are in the car than in hitting two cars or a car and a pedestrian), *review denied*, 119 Wn.2d 1015 (1992). He is mistaken.

▪ The court considered the offenses as the same criminal conduct. But even though all the victims were in the same vehicle, the fact that there were multiple victims is

an appropriate statutory aggravating factor. RCW 9.94A.390(2)(c)(i).[4]

Nor are we persuaded that the court erred in considering the severity of the injuries. In *State v. Flake*, 76 Wn. App. 174, 883 P.2d 341 (1994), the victim suffered severe injuries including quadrapalegia. The defendant was convicted of one count of vehicular assault. The court concluded that the severity of the victim's injuries could serve as the basis of an exceptional sentence: "the seriousness of a victim's injuries is a valid aggravating factor if 'the conduct producing the harm, and the harm produced, were significantly more serious than what is typically involved in the crime.' " *Flake*, at 183 (quoting *State v. Warren*, 63 Wn. App. 477, 479, 820 P.2d 65 (1991), *review denied*, 118 Wn.2d 1030 (1992)).

Mr. Quiros' conviction for vehicular assault simply required proof that he was under the influence of intoxicating liquor at the time of the accident. The injuries suffered were severe and life threatening; the two young boys were ejected from the vehicle and suffered severe concussions, resulting in comas. The five-year-old boy and the father underwent surgery to place a microchip in their brains to detect gases from brain swelling. Both boys suffered numerous broken bones and required numerous stitches. One had been confined to a body cast and was placed on medication to prevent seizures. The father was hospitalized for a lengthy period following the accident. All have suffered psychologically from the accident. The court did not err in considering the severity of the victims' injuries.

The conviction and sentence are affirmed.

---

[4]RCW 9.94A.390(2) provides:

"(c) The current offense was a major economic offense or series of offenses, so identified by a consideration of any of the following factors:

"(i) The current offense involved multiple victims or multiple incidents per victim; "

THOMPSON, C.J., and MUNSON, J., concur.

Review denied at 127 Wn.2d 1024 (1995).