[No. 12902-1-III.   Division Three.   May 24, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. MARCO
MARINO McCUNE, *Appellant.*

*Lewis M. Schrawyer,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for respondent.

THOMPSON, C.J. — Marco McCune appeals the exceptional sentence imposed following his conviction for first degree rape of a child.[1] The sentencing court considered his future dangerousness as a factor to support the length of the exceptional sentence: 367 months. Mr. McCune contends this was error because the State did not show he had a history of similar offenses and was not amenable to treatment. *State v. Pryor,* 115 Wn.2d 445, 454, 799 P.2d 244 (1990) requires such a showing if a sentencing court relies upon "future dangerousness" to support the imposition of an exceptional sentence. The issue on appeal is whether *Pryor* applies when the sentencing court uses that factor to set the length of the exceptional sentence. We affirm.

Mr. McCune's conviction for first degree rape of a child stems from an incident in which he broke into a house in the middle of the night, carried a sleeping 5-year-old girl outside to a nearby field, raped her, then left her there. The sentencing court found the following aggravating factors as to the rape: deliberate cruelty, victim vulnerability due to age and circumstances, and invasion of the victim's zone of privacy.

The court also found Mr. McCune had committed a similarly brutal crime some 15 years ago, when he was a teenager. He committed the current offenses only 4 or 5 months after

---

[1]Mr. McCune was also convicted of first degree burglary and first degree kidnapping. The court ordered the sentences for these crimes to run concurrently with the sentence for first degree rape of a child. The lengths of the sentences for burglary and kidnapping are less than the length of the exceptional sentence imposed for the rape conviction.

being released from custody on the prior convictions. The court specifically stated it did not consider the foregoing as aggravating factors to support imposing the sentence. Rather, it used them to justify the length of the exceptional sentence, which was 2 times the high end of Mr. McCune's standard sentence range. Finally, the court found that the circumstances of this rape distinguished it from other crimes in its statutory category in that it was a "worst case" scenario.

Mr. McCune contends there is no legitimate distinction between reasons for imposing an exceptional sentence and reasons for the length of the sentence. The State relies upon *State v. Hillman*, 66 Wn. App. 770, 832 P.2d 1369, *review denied*, 120 Wn.2d 1011 (1992). There, the court in dicta stated at page 778 that it saw nothing which would cause it to conclude "that protection of the public from a defendant who admits he is liable to murder again is not a tenable basis upon which to base the *length* of an exceptional sentence". (Italics ours.)

In *State v. Ross*, 71 Wn. App. 556, 861 P.2d 473 (1993), the court applied the dicta in *Hillman* in reaching its holding. As here, the State did not establish a history of similar acts and a lack of amenability to treatment, so the sentencing court was precluded from using future dangerousness as a basis for the exceptional sentence itself. *Ross*, at 566-67. Other, valid factors justified the imposition of the exceptional sentence: the vulnerability of the victim, the elaborate planning of the crimes, deliberate cruelty, and lack of remorse. *Ross*, at 567. *Ross* approved the sentencing court's reliance upon the defendant's dangerousness in setting the *length* of the sentence. *Ross*, at 567. The court quoted *State v. George*, 67 Wn. App. 217, 227, 834 P.2d 664 (1992), *review denied*, 120 Wn.2d 1023 (1993):

> We note factors that may not in themselves be sufficient to justify the imposition of an exceptional sentence may be considered by the sentencing judge in determining the length of the sentence, provided those reasons are related to the defendant's culpability.

*Ross*, at 568.

■ Future dangerousness based upon past or current convictions is not listed as an aggravating factor in the Sentencing Reform Act of 1981 (SRA). The reason is that past and current convictions are used to compute the offender score. *State v. Barnes*, 117 Wn.2d 701, 705-06, 818 P.2d 1088 (1991). An exceptional sentence cannot be based upon a factor already considered in setting the standard range. *Barnes*, at 706. The courts have recognized an exception to this rule in sex offense cases because the SRA provides a sentencing alternative for sex offenders who are amenable to treatment, pursuant to RCW 9.94A.120(7). *Barnes*, at 708.

The reasons for not allowing consideration of future dangerousness in imposing an exceptional sentence (with the narrow exception granted in sex offense cases) are not valid reasons for prohibiting consideration of that factor in setting the length of the sentence. Once the need for an exceptional sentence has been declared, the bases underlying the standard range for a particular crime are irrelevant. As stated in *Ross*, the sentencing court determines the appropriate length of an exceptional sentence by considering all factors reasonably related to the defendant's culpability. Factors indicating future dangerousness are proper considerations at this stage of the sentencing process.

Mr. McCune cites *State v. Post*, 118 Wn.2d 596, 826 P.2d 172, 837 P.2d 599 (1992), but that case is inapposite. There, the court held that it was improper to use both future dangerousness and protection of the public as factors justifying an exceptional sentence. "Where the future dangerousness finding is supported by the evidence, protection of the public does not refer to any *distinct* set of concerns not already encompassed by the future dangerousness factor." (Italics ours.) *Post*, at 616. Accordingly, the court held as a matter of law that protection of the public cannot be used as an aggravating factor where future dangerousness is also used. *Post*, at 616.

The issue in *Post* is different from the issue presented here. In *Post*, future dangerousness and protection of the public were listed as two separate aggravating factors. *Post*,

at 615. Here, the court cited future dangerousness to justify the length of the sentence. The exceptional sentence itself was based upon other factors — deliberate cruelty, victim vulnerability, and invasion of the victim's zone of privacy. There was no duplication in the factors the court considered.

█ Mr. McCune also contends that the 367-month sentence is clearly excessive. *See* RCW 9.94A.210(4); *State v. Nordby*, 106 Wn.2d 514, 723 P.2d 1117 (1986). Our standard of review is abuse of discretion. *State v. Oxborrow*, 106 Wn.2d 525, 530, 723 P.2d 1123 (1986). We see no abuse of discretion here. Mr. McCune had been convicted and incarcerated for a similar crime, although it did not involve a rape. In the prior case, Mr. McCune stole a truck, kidnapped the owner, then drove him to a location where he beat the victim and left him for dead. Within 4 or 5 months of Mr. McCune's release from prison for that crime, he committed the acts which are the subject of the instant conviction. It was reasonable for the court to consider Mr. McCune's pattern of conduct in determining what length of exceptional sentence was appropriate.

█ Finally, Mr. McCune asserts the sentencing court erred when it held the rape was a "worst case" and therefore justified a 367-month sentence. He argues that the court cannot use "worst case scenario" to support the length of the sentence unless it imposes the maximum sentence, in this case, life. We are not persuaded. Simply because the court decided to impose something other than life does not mean the crime was not a "worst case". A reasonable person could view these facts as a valid basis for imposing a sentence $2^1/2$ times the standard range. Mr. McCune burglarized the young child's home, kidnapped her as she slept, raped her, then left her at the scene of the rape to find her own way back to her house. These facts support the court's finding.

█ We do not address the State's cross appeal from the sentencing court's ruling that the kidnapping and the rape were part of the "same criminal conduct". Given our holding, the issue is moot. Furthermore, recent Supreme Court cases have set forth the test for "same criminal conduct". *See, e.g.,*

*State v. Lessley*, 118 Wn.2d 773, 777, 827 P.2d 996 (1992). Thus, disposition of the issue here is not a "matter[ ] of continuing and substantial public interest . . .", *Sorenson v. Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972), so as to justify deciding this moot issue. *See also Hart v. Department of Social & Health Servs.*, 111 Wn.2d 445, 759 P.2d 1206 (1988).

Affirmed.

MUNSON and SWEENEY, JJ., concur.

Review denied at 125 Wn. 2d 1006 (1994).