[No. 23042-9-II.   Division Two.   May 28, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES ROBERT SHEPHERD, *Appellant*.

*Sherryl A. Jones* of *Davies & Jones*, for appellant.

*David H. Bruneau, Prosecuting Attorney*, and *Richard Louis Suryan, Deputy*, for respondent.

SEINFELD, J. — James Shepherd appeals his conviction for second degree assault, arguing that when he struck his victim with his car he was not "armed with a deadly weapon" as the sentence enhancement statute, RCW 9.94A.125, uses that term. We agree, but reject Shepherd's claims of ineffective assistance of counsel and insufficiency of the evidence. Thus, we affirm the conviction and reverse the sentence enhancement.

## FACTS

Shepherd had an argument with his girl friend, Valerie Glassman, in the presence of Glassman's daughter. The daughter then told Christopher Manes, Glassman's former boyfriend, that Shepherd had threatened to hit her mother. Manes became visibly angry.

The next day Shepherd drove to the trailer park where Manes lived, looking for Glassman. Manes walked over to Shepherd's car and with his hands on Shepherd's open car window warned Shepherd against hitting Glassman. When Shepherd responded by calling Glassman a defamatory name, Manes slapped Shepherd with an open hand and then started walking away.

According to eyewitnesses, Shepherd reacted by backing his car up a short distance and driving forward, hitting Manes, who landed on the vehicle's hood. Shepherd then applied his brakes, throwing Manes from the hood onto the grass. At that point, two eyewitnesses saw a straight object, about 8 to 12 inches long in Manes's hand. Shepherd drove away leaving Manes with bruised legs and possibly fractured ribs.

The State charged Shepherd with second degree assault while armed with a deadly weapon. At trial, Shepherd testified that Manes had said, "If I ever hear about you hitting my old lady again, I'll kill you" and that he was scared, panicked, and wanted to leave after Manes slapped him. Shepherd also said that right before his car struck Manes, he saw Manes reaching for an object in his back pocket that appeared to be a pipe but he could not remember hitting Manes. However, Shepherd admitted seeing Manes on the car hood and then yelling and waving an object as Shepherd drove off.

The trial court instructed on self-defense, using the State's proposed instruction. The court also instructed the jury that for purposes of convicting the defendant of second degree assault with a deadly weapon, pursuant to RCW 9A.36.021(1)(c), "deadly weapon" means:

> any weapon, device, instrument, substance or article, including a vehicle, which under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or substantial bodily injury.

Clerk's Papers at 38; see RCW 9A.04.110(6).

The court further instructed the jury that if it found Shepherd guilty of second degree assault, it must proceed to decide for purposes of a special verdict whether he was "armed with a deadly weapon." For this purpose, the court instructed the jury that "deadly weapon" means:

> [A]n implement or instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death. The following instruments are examples of deadly weapons: blackjack, sling shot, billy, sand club, sandbag, metal knuckles, any dirk, dagger, pistol, revolver or any other firearm, any knife having a blade longer than three inches, any razor with an unguarded blade, and any metal pipe or bar used or intended to be used as a club, any explosive, and any weapon containing poisonous or injurious gas.

Clerk's Papers at 41; *see* RCW 9.94A.125.

During closing argument, defense counsel argued that Shepherd lacked the intent necessary to commit a second degree assault because his actions were the result of fear and panic. Defense counsel did not argue that Shepherd acted in self-defense.

The jury found Shepherd guilty of second degree assault, RCW 9A.36.021(1)(a) and (c), and by special verdict found that he was armed with a deadly weapon, RCW 9.94A.125. The trial court sentenced Shepherd to three months for the assault and twelve months for the deadly weapon enhancement.

## DISCUSSION
### DEADLY WEAPON ENHANCEMENT

Shepherd, citing RCW 9.95.040 and *State v. Ross*, 20 Wn. App. 448, 580 P.2d 1110 (1978), claims that the imposition of the deadly weapon enhancement here violated due process. He argues that the relevant statutes do not provide notice that the definition of "armed with a deadly weapon" includes a driver of a vehicle..

The State seeks to distinguish *Ross*, pointing out that it involved RCW 9.95.040, which has different language than RCW 9.94A.125. The State further claims that the sentencing act's definition of "deadly weapon" must be "read in tandem" with the criminal code's definition of deadly weapon, which specifically includes a vehicle when used under circumstances where it is "readily capable of causing death or substantial bodily harm." *See* RCW 9A.04.110(6).

██ ██ Interpretation of a statute is a question of law that appellate courts review de novo. *In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 245, 955 P.2d 798 (1998). The Sentencing Reform Act of 1981 (SRA) currently provides that one year "shall be added to the presumptive sentence" for class B felonies committed after July 23, 1995, if the offender "was armed with a deadly weapon as defined in this chapter." RCW 9.94A.310(4); *see also* RCW 9A.36.021(2) (second degree assault is a class B felony). The SRA defines "deadly weapon" as follows:

> In a criminal case wherein there has been a special allegation and evidence establishing that the accused . . . was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused . . . was armed with a deadly weapon at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find[s] the defendant guilty, also find a special verdict as to whether or not the defendant . . . was armed with a deadly weapon at the time of the commission of the crime.

> For purposes of this section, a deadly weapon is an implement or instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death. The following instruments are included in the term deadly weapon: Blackjack, sling shot, billy, sand club, sandbag, metal knuckles, any dirk, dagger, pistol, revolver, or any other firearm, any knife having a blade longer than three inches, any razor with an unguarded blade, any metal pipe or bar used or intended to be used as a club, any explosive, and any weapon containing poisonous or injurious gas.

RCW 9.94A.125.

RCW 9.95.040, which deals with felonies committed before the SRA's effective date, establishes mandatory minimum penalties for offenders who committed their crimes while armed with a deadly weapon. Although RCW 9.95.040 does not include the first sentence of the second paragraph of RCW 9.94A.125, it does contain an identical, nonexclusive list of instruments that are included in the term "deadly weapon."

In 1978, Division Three of this court held that a motor vehicle "is not a deadly weapon as contemplated by the statute requiring mandatory enhanced penalties." *Ross*, 20 Wn. App. at 454; *see also* RCW 9.95.040. At that time, the trial court did not set determinate sentences; rather, the Board of Prison Terms and Paroles set minimum terms. The *Ross* court stated:

> To decide that a motor vehicle could be a deadly weapon under the enhanced penalty statute would raise serious due process problems.
>
> "Procedural due process requires that citizens be given fair notice of conduct forbidden by a penal statute. . . . Although impossible standards of specificity are not required, the statutory language must convey a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice."
>
> (Citations omitted.) *State v. Dougall*, 89 Wn.2d 118, 121, 570 P.2d 135 (1977).

20 Wn. App. at 452.

Relying on the plain language of RCW 9.95.040, the *Ross* court concluded that being "armed with a weapon" must mean something more than driving a vehicle. "The statute bespeaks instruments *on the person* which are designed to injure or kill." *Ross*, 20 Wn. App. at 453 (emphasis added). Relying on *State v. Jackson*, 70 Wn.2d 498, 424 P.2d 313 (1967), the *Ross* court concluded that "not all instruments capable of producing bodily harm are deadly weapons" requiring an enhanced penalty. 20 Wn. App. at 453.

Citing the criminal code's definition of deadly weapon, RCW 9A.04.110(6), which included motor vehicles, the *Ross* court further found that the Legislature could have specifically included motor vehicles within the enhanced penalty statute if that had been its intention. 20 Wn. App. at 454. The *Ross* court also relied on the ejusdem generis doctrine and the rule of lenity to conclude that a vehicle is not a deadly weapon within the meaning of RCW 9.95.040. Finally, the *Ross* court considered the Legislature's intent:

> Clearly, the intent behind the enhanced punishment was to discourage using or even carrying such weapons. Such ends would hardly be served by applying the enhanced penalty statute to motor vehicles. People will still use them as before, and there would seem to be no limit on the crimes that could be committed with an automobile.

20 Wn. App. at 454.

We find the reasoning of the *Ross* court to be persuasive. Contrary to the State's argument, the additional language in RCW 9.94A.125 that is not contained in RCW 9.95.040 does not undermine the *Ross* court's analysis. Although general principles of statutory construction require that we harmonize all provisions in an act, RCW 9.94A.125 and RCW 9A.04.110(6) are set forth in two separate acts with separate purposes—the criminal code, which provides for criminal liability, and the SRA, which provides for punishment for crimes.

Further, the assault with a deadly weapon statute, RCW 9A.36.021(1)(c), unlike the sentence enhancement statute, RCW 9.94A.310(4), does not require that the defendant be "armed." Thus, we conclude that the driver of a motor vehicle is not armed with a deadly weapon for purposes of RCW 9.94A.310(4), the mandatory sentencing enhancement statute.

But we reject Shepherd's contention that the trial court's error in submitting the special verdict instructions to the jury requires reversal of his underlying assault conviction. *See, e.g., State v. Johnson*, 94 Wn. App. 882, 974

794

P.2d 855 (1999) (sentence enhancement reversed because trial court erred in allowing deadly weapon allegation to go to jury but underlying Violation of the Uniform Controlled Substances Act convictions affirmed). The trial court properly instructed the jury regarding second degree assault with a deadly weapon. Thus, the special verdict instructions could not have affected the jury's determination of guilt as to the assault. *See State v. Bourgeois*, 133 Wn.2d 389, 403, 945 P.2d 1120 (1997) (an error is harmless if it in no way affected the outcome of the case). As we discuss below, we find no other errors. Thus, we affirm Shepherd's conviction but reverse his sentence enhancement.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MORGAN and HOUGHTON, JJ., concur.