[No. 18874-4-III. Division Three. July 26, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT ALAN MORREIRA, *Appellant*.

451

452

*Robert Alan Morreira*, pro se.

*Gail L. Siemers*, for appellant.

*James L. Nagle, Prosecuting Attorney*, and *Gabriel E. Acosta, Deputy*, for respondent.

KURTZ, C.J. — Robert A. Morreira entered an *Alford*[1] plea of guilty to assault in the second degree. This court vacated Mr. Morreira's exceptional sentence of 100 months. On remand, the sentencing court held a real facts evidentiary hearing and subsequently imposed a 100-month sentence. Mr. Morreira appeals again, alleging, among other things, that the sentencing court violated the real facts doctrine by relying on facts probative of first degree assault. We conclude that the trial court violated the real facts doctrine because the court relied on facts establishing the intent element of a more serious crime.

## FACTS

In 1998, the State charged Robert Morreira with one count of first degree assault, alleging Mr. Morreira used his car to run over Carl Goenen. Mr. Morreira eventually entered an *Alford* plea of guilty to one count second degree

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

assault with a deadly weapon enhancement.

The Presentence Investigation Report (PSI) calculated the standard range as 15 to 21 months (including a weapon enhancement for the car) but recommended an exceptional sentence of 36 months. The sentencing court entered an exceptional sentence of 100 months based on deliberate cruelty. The court further supported the exceptional sentence with written findings of fact and conclusions of law.

In an unpublished opinion, this court vacated the sentence and remanded for resentencing. *State v. Morreira*, No. 17701-7-III, 1999 Wash. App. LEXIS 1643, 1999 WL 699882 (Wash. Ct. App. Sept. 9, 1999). Specifically, this court held that the sentencing court erred in not holding an evidentiary hearing on disputed facts. Clerk's Papers (CP) at 57. This court further held the trial court erred in considering misdemeanor charges subsequently dismissed by the State. CP at 58.

On remand, the trial court held an evidentiary hearing. At the start of the hearing, Mr. Morreira raised a general objection to "any additional information" provided to the sentencing court. Report of Proceedings (RP) at 2. Later, without any further objection from Mr. Morreira, the court admitted Exhibit 1, the Washington State Patrol (WSP) investigative report of the incident. Detective M.A. Gradwohl testified that he had prepared the report and that any testimony he would give in the hearing would merely echo the report.

Alice Rogers, a Community Corrections Officer, testified that she relied on Exhibit 1 to prepare her PSI. Without objection, the sentencing court then admitted the PSI as Exhibit 2.

Tammy Slayton testified that her testimony at the hearing would match her written statement to the investigating officer. In that statement, Ms. Slayton wrote that Mr. Morreira had threatened to kill the victim approximately two weeks prior to the assault.

Mr. Morreira declined to call any witnesses at the hearing.

Again, the sentencing court imposed an exceptional sen-

tence of 100 months and entered findings of fact and conclusions of law in support of the sentence. Specifically, the court noted Mr. Morreira's "premeditated and deliberate attempt to run over and kill the victim," and concluded that the assault was "more egregious than that typically seen in an assault with a deadly weapon case." CP at 41.

Mr. Morreira appeals.

## ANALYSIS

*Real Facts Hearing.* Mr. Morreira asserts that the sentencing court did not hold a proper real facts hearing and relied instead on the PSI and police reports.

██ To impose an exceptional sentence, the sentencing court must set forth in written findings and conclusions substantial and compelling reasons justifying imposition of such a sentence. RCW 9.94A.120(2); *State v. Halgren*, 137 Wn.2d 340, 345, 971 P.2d 512 (1999). "Upon review, an appellate court may be asked to decide (1) whether there is sufficient evidence in the record to support the reasons for imposing an exceptional sentence under a clearly erroneous standard, (2) whether as a matter of law the reasons justify an exceptional sentence, and (3) whether an exceptional sentence is clearly excessive under an abuse of discretion standard." *Halgren*, 137 Wn.2d at 345-46 (citing RCW 9.94A.210(4); *State v. Nordby*, 106 Wn.2d 514, 723 P.2d 1117 (1986)).

With regard to the first inquiry, this court applies the clearly erroneous standard when reviewing the trial court's findings of fact. *State v. Morris*, 87 Wn. App. 654, 659, 943 P.2d 329 (1997). The second inquiry, whether the findings justify an exceptional sentence, is a legal issue subject to de novo review. *Id.*

██ Here, the trial court entered 20 findings of fact. Mr. Morreira has not assigned error to those findings, which renders them verities on appeal. *State v. Hill*, 123 Wn.2d 641, 647, 870 P.2d 313 (1994).

██ In any event, Mr. Morreira complains that rather

than holding a proper hearing on remand, the sentencing court merely authenticated and admitted the PSI and WSP investigative reports over his objection. With regard to the objection, the State is correct that Mr. Morreira's blanket objection to "any additional information" was nebulous and did not identify with any specificity the facts he sought to exclude from the court's consideration. RP at 2. *See State v. Garza*, 123 Wn.2d 885, 890, 872 P.2d 1087 (1994) (noting that defendant must make timely and specific challenge to information presented for sentencing court's consideration). Moreover, Mr. Morreira did not object specifically to admission of the WSP report and the PSI. *See State v. Wakefield*, 130 Wn.2d 464, 476, 925 P.2d 183 (1996) ("In determining the appropriate sentence, the trial court can consider the presentencing reports unless the defendant objects.").

■ Mr. Morreira further contends it was improper to consider the PSI and WSP reports because he had entered an *Alford* plea. In this connection, Mr. Morreira is correct that an *Alford* plea is not an admission of guilt. *See State v. Talley*, 134 Wn.2d 176, 182-83, 949 P.2d 358 (1998). But the existence of an *Alford* plea does not necessarily deprive the sentencing court of all information relating to the circumstances of the crime; the court may consider the PSI and other relevant information. *See State v. Handley*, 115 Wn.2d 275, 282-83, 796 P.2d 1266 (1990) (holding RCW 9.94A.370(2) does not limit sources of information for sentencing considerations). From a policy standpoint, a blanket rule forbidding the trial court's access to information relevant to the charged crime in the *Alford* plea setting would unreasonably restrict the trial court's discretion to impose an exceptional sentence where the permissible facts warrant it. *See State v. Perez*, 69 Wn. App. 133, 137, 847 P.2d 532 (1993) ("The sentencing reform act did not eliminate judicial discretion to fashion individualized sentences when the facts of a particular case demand it.").

■ The purpose of the real facts hearing is to protect the defendant "from consideration of unreliable or inaccurate information." *Handley*, 115 Wn.2d at 282 (citing RCW

9.94A.370(2)). "This procedure safeguards the defendant's right to know and object to adverse facts." *Handley*, 115 Wn.2d at 282 (citing *State v. Ammons*, 105 Wn.2d 175, 185, 713 P.2d 719, 718 P.2d 796 (1986)).

On remand, the sentencing court held a real facts hearing so Mr. Morreira could refute the State's allegation. *See Garza*, 123 Wn.2d at 890 (noting that defendant could have requested evidentiary hearing "at which he could controvert information contained in the [presentencing] report"). Yet, Mr. Morreira rejected that opportunity. Accordingly, the evidence presented by the State in the form of the WSP investigate report went unchallenged. Inasmuch as the real facts hearing was a rather truncated proceeding, it was due in large part to Mr. Morreira's unwillingness to controvert the State's evidence.

█ In this connection, Mr. Morreira argues he dare not testify at the real facts hearing because such testimony would violate his constitutional right against self-incrimination. Absent citation to relevant authority and a reasoned argument, this fleeting reference to a complex constitutional issue merits no consideration on appeal. *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992).

We conclude that the trial court did not err in admitting the PSI and WSP reports into the record.

*Real Facts Doctrine.* In his pro se brief, Mr. Morreira argues the trial court violated the real facts doctrine by citing facts supporting the more serious crime of first degree assault. The State does not respond to his argument.

█ As noted earlier, Mr. Morreira did not object to admission of the PSI and WSP reports. But his defense counsel raised a general objection to the trial court considering "additional information." RP at 2. We conclude counsel's objection could be fairly interpreted as a challenge to the scope of information the trial court relied upon. A later colloquy between counsel and the sentencing court reinforces this interpretation; counsel expressed concern that the trial court was engaging in a wide ranging factual

inquiry notwithstanding the *Alford* plea. In other words, counsel raised an objection directed generally at the real facts doctrine.

 We also reject Mr. Morreira's contention that his plea agreement was invalid because a car is not a deadly weapon for purposes of the deadly weapon enhancement statute, RCW 9.94A.310(4). *State v. Shepherd*, 95 Wn. App. 787, 793, 977 P.2d 635 (1999); *State v. Ross*, 20 Wn. App. 448, 453, 580 P.2d 1110 (1978). But Mr. Morreira stipulated that the car was a deadly weapon for purposes of his plea agreement. And he has not shown that the plea agreement was involuntary. Thus, Mr. Morreira is bound by his bargain with the State. *See State v. Hahn*, 100 Wn. App. 391, 394-97, 996 P.2d 1125 (absent showing of involuntary agreement, defendant bound by plea agreement listing "feet and fists" as deadly weapons), *review granted*, 141 Wn.2d 1025, *dismissed* (Wash. Nov. 30, 2000).

 "The real facts doctrine requires sentences be based upon the defendant's current conviction, his criminal history, and the circumstances of the crime." *State v. Coats*, 84 Wn. App. 623, 626, 929 P.2d 507 (1997) (citing *State v. Tierney*, 74 Wn. App. 346, 350, 872 P.2d 1145 (1994)). A sentencing court may not base an exceptional sentence on an unproved or uncharged crime. *State v. Quiros*, 78 Wn. App. 134, 138-39, 896 P.2d 91 (1995). And, the sentencing court "may not impose a sentence based on the elements of a more serious crime that the State did not charge or prove." *Wakefield*, 130 Wn.2d at 475-76 (citing RCW 9.94A.370(2); *State v. Barnes*, 117 Wn.2d 701, 708, 818 P.2d 1088 (1991)). "The underlying facts and nature of the crime can and should, however, be a basis for an exceptional sentence." *Quiros*, 78 Wn. App. at 139.

The real facts doctrine is based on RCW 9.94A.370(2), which states:

> In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. Acknowledgment includes not objecting to informa-

tion stated in the presentence reports. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The facts shall be deemed proved at the hearing by a preponderance of the evidence. Facts that establish the elements of a more serious crime or additional crimes may not be used to go outside the presumptive sentence range except upon stipulation or when specifically provided for in RCW 9.94A.390(2)(d), (e), (g), and (h).

Under the plain terms of the statute, the sentencing court may not consider facts probative of a more serious crime unless (1) the defendant stipulates to those facts or (2) the facts fall within certain exceptions not relevant here. *See State v. Azpitarte*, 140 Wn.2d 138, 142, 995 P.2d 31 (2000) (absent ambiguity, reviewing court relies on plain language of statute). Here, Mr. Morreira entered an *Alford* plea; he did not admit or stipulate to the facts underlying the charged crime. *Talley*, 134 Wn.2d at 182-83. While Mr. Morreira arguably acknowledged facts contained in the PSI and WSP reports to which he did not object, that acknowledgment extends only insofar as the facts support the charged crime of second degree assault. RCW 9.94A.370(2). Facts probative of the more serious crime of first degree assault lie outside the scope of the sentencing court's consideration. RCW 9.94A.370(2); *State v. Young*, 51 Wn. App. 517, 523, 754 P.2d 147 (1988).

■ Mr. Morreira contends the facts noted by the trial court were relevant to first degree assault, a crime to which he did not plead guilty. The mens rea of first degree assault is the "intent to inflict great bodily harm." RCW 9A.36.011(1); *State v. Wilson*, 125 Wn.2d 212, 218, 883 P.2d 320 (1994). By contrast, the "intent to injure is not an element of second degree assault." *State v. Fryer*, 36 Wn. App. 312, 316, 673 P.2d 881 (1983); *see also* RCW 9A.36.021(1)(a).

■ On remand, the sentencing court noted in its findings of fact that Mr. Morreira threatened to kill the victim two weeks before the assault. The court further found that

Mr. Morreira made an "apparent attempt to hit the victim[,]" missed, turned around and "pursued" the victim, accelerated toward the victim and hit him "head on" without attempting to use his brakes. CP at 41. The court also observed that Mr. Morreira got out of his car after intentionally running down the victim and told the estranged Ms. Morreira, "See, I told you I'd get you." CP at 41. In summarizing its findings of fact, the court referred to Mr. Morreira's "premeditated and deliberate attempt to run over and kill the victim[.]" CP 41.

The record before us indicates that the trial court viewed the crime as a second degree assault committed under first degree circumstances. Understandably moved by the grievous injuries inflicted on the victim, the trial court cited, among other acts, behavior probative of intent to inflict severe injury or death. Thus, the trial court relied to no small extent on facts establishing the intent element of a more serious crime. RCW 9.94A.370(2); *Young*, 51 Wn. App. at 523. Reliance on such facts violates the real facts doctrine "in all circumstances" absent stipulation or inapplicable aggravating factors set forth in RCW 9.94A.390(2). *State v. Taitt*, 93 Wn. App. 783, 791, 970 P.2d 785 (1999) (emphasis omitted).

We conclude that the trial court violated the real facts doctrine. We reverse and remand for resentencing, so that the trial court can impose a sentence on facts probative solely of second degree assault.

Because we reverse the sentence on the basis of a real facts violation, we need not address Mr. Morriera's remaining assignment of error.

SCHULTHEIS, J., concurs.

BROWN, J. (dissenting) — I respectfully dissent. First, the real facts doctrine was not violated because the trial court did not improperly consider facts that were "part and parcel of the current offense." *State v. Reynolds*, 80 Wn. App. 851, 857, 912 P.2d 494 (1996). Second, the real facts doctrine

should not be interpreted to prevent a trial court from considering offense facts indicating an assault against one person, the direct victim, for the purpose of domestic violence retribution against a third person. I would affirm based solely on the second reason, assuming the facts incidentally show a greater crime against the direct victim. An assault against one person for the purpose of punishing another in a domestic violence context should be recognized as a legally sufficient nonstatutory aggravating factor justifying an exceptional sentence.

Particularly egregious circumstances distinguishing a charged crime and making it atypical is a recognized reason supporting an exceptional sentence. *State v. Quiros*, 78 Wn. App. 134, 139-40, 896 P.2d 91 (1995). Here, unchallenged findings show Mr. Morreira drove across the center line into the victim's lane of traffic in an attempt to hit the victim. The victim swerved his motorcycle to avoid being hit by Mr. Morreira. Mr. Morreira next turned and accelerated as he approached the then dismounted victim standing in the middle of the road. Mr. Morreira drove "head on" into the victim, flipping him over the hood of the car. Mr. Morreira then stopped his car, got out, and told the victim's passenger, Mr. Morreira's estranged wife, "See, I told you I'd get you." Clerk's Papers (CP) at 41.

The facts show both a particularly egregious assault to cause bodily injury compared to other second degree assaults of this type, and an independent intent to punish Mr. Morreira's estranged wife at the direct victim's expense. The second domestic violence intent is independent from the intent to assault the direct victim, thus the real facts doctrine is not implicated. Given this independent retributive domestic violence purpose, I would decide egregious circumstances distinguish Mr. Morreira's crime from typical assaults involving deadly weapons. *Quiros*, 78 Wn. App. at 140.

Under the plain terms of RCW 9.94A.370(2), the sentencing court may not consider facts probative of a more serious crime unless (1) the defendant stipulates to those facts, or

(2) the facts fall within set exceptions. *See State v. Azpitarte*, 140 Wn.2d 138, 142, 995 P.2d 31 (2000). However, Mr. Morreira's intent to intimidate and punish Ms. Morreira does not establish facts probative of a more serious crime. The critical focus is the intent to punish a third person.

In sum, I would hold an assault on a non-family member in a domestic violence retribution setting supports a nonstatutory aggravated factor analogous to the domestic violence factor set forth in RCW 9.94A.390(2)(h) "that is sufficiently compelling to support an exceptional sentence for an assault conviction." *State v. Chance*, 105 Wn. App. 291, 298, 19 P.3d 490 (2001) (formulating nonstatutory aggravating factor for retaliation against prosecutor). Accordingly, I would affirm.