# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50557-6-II |
| Respondent, | |
| v. | |
| LLOYD EUGENE SHAFFER, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Lloyd Eugene Shaffer appeals his standard range sentence imposed following his guilty plea to witness tampering. He argues the sentencing court abused its discretion in not granting his motion for a continuance. We disagree and affirm Shaffer's sentence.

## FACTS

Shaffer agreed to plead guilty to witness tampering.[1] In exchange, the State agreed to recommend the low end of the standard range sentence. Shaffer was free to request an exceptional sentence downward.

On March 21, 2017, the court accepted Shaffer's guilty plea and set sentencing for 38 days later at the request of defense counsel who wanted time "to arrange for some appropriate evaluations that would help the court." Report of Proceedings (RP) (Mar. 21, 2017) at 13.

---

[1] Shaffer also pleaded guilty to two counts of violation of a no-contact order, but the sentence on those convictions was suspended and are not the subject of this appeal.

On April 28, the day of sentencing, defense counsel requested a 30-day continuance so he could hire an investigator to obtain information about Shaffer's former gang involvement.[2] Defense counsel clarified that he needed to explore how Shaffer's prior gang activity created "some of the difficulties that he is facing in his life that led to this incident," which could be a mitigating factor for an exceptional sentence downward. RP (Apr. 28, 2017) at 15. Defense counsel acknowledged, however, that the gang activity "ha[d] nothing to do with the incident itself." RP (Apr. 28, 2017) at 14.

The court noted that former gang involvement was not a statutory mitigating factor. Defense counsel argued the list of mitigators was not an exclusive list and requested time to get "some testimony" so the court could "truly appreciate what all was going on here." RP (Apr. 28, 2017) at 23. The court, however, did not agree that the information was material and concluded that there was not "much to be gained from any additional delay." RP (Apr. 28, 2017) at 10. The court explained, "that's why you got a five-week continuance, and here we are." RP (Apr. 28, 2017) at 23. The court denied the continuance and the matter proceeded to sentencing.

Shaffer had an offender score of 9+ and a standard range sentence of 51-60 months. The State recommended a 51-month sentence, the low end of the standard range.

The jail chaplain spoke on Shaffer's behalf at the sentencing hearing. He stated that Shaffer was "very dedicated to seeking change." RP (Arp. 28, 2017) at 39. Shaffer also spoke at the hearing and allocuted that he was "doing everything that I can to change." RP (Apr. 28, 2017) at 43. Defense counsel then requested a sentence of 12 months.

---

[2] Shaffer alleges that the State agreed to this continuance, but our record does not show the State's acquiescence.

The court sentenced Shaffer to a standard range sentence of 51 months, finding "there is really no basis for a downward deviation of the sentence." RP (Apr. 28, 2017) at 48. Shaffer appeals.

ANALYSIS

Shaffer contends he should be resentenced following his guilty plea because the sentencing court abused its discretion in denying his request for a continuance. We disagree.

We review the denial of a continuance for an abuse of discretion. *State v. Flinn*, 154 Wn.2d 193, 199, 110 P.3d 748 (2005). A court abuses its discretion when it bases its decision on untenable or unreasonable grounds. *State v. Downing*, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004). In exercising its discretion, a court may properly consider

> the necessity of reasonably prompt disposition of the litigation; the needs of the moving party; the possible prejudice to the adverse party; the prior history of the litigation, including prior continuances granted the moving party; any conditions imposed in the continuances previously granted; and any other matters that have a material bearing upon the exercise of the discretion vested in the court.

*Trummel v. Mitchell*, 156 Wn.2d 653, 670-71, 131 P.3d 305 (2006).

A defendant generally cannot appeal a standard range sentence. RCW 9.94A.585(1); *State v. Williams*, 149 Wn.2d 143, 146, 65 P.3d 1214 (2003). He or she can only appeal if the sentencing court violated the constitution or failed to follow sentencing procedural requirements of the Sentencing Reform Act of 1981, chapter 9.94A RCW. *State v. Osman*, 157 Wn.2d 474, 481-82, 139 P.3d 334 (2006).

A trial court "may impose a sentence outside the standard sentence range for an offense if it finds, considering the purpose of [the SRA], that there are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.535. A statutory list of mitigating factors to support a court's imposition of an exceptional sentence below the standard range if established by

a preponderance of the evidence exists. RCW 9.94A.535(1). The factors are "illustrative only and are not intended to be exclusive reasons for exceptional sentences." RCW 9.94A.535(1). However, nonstatutory factors supporting an exceptional below-range sentence must "relate to the crime, the defendant's culpability for the crime, or the past criminal record of the defendant." *State v. Law*, 154 Wn.2d 85, 89, 110 P.3d 717 (2005).

Here, because the court previously granted Shaffer additional time to prepare his argument for a potential sentence below the standard range, and because Shaffer did not provide a material reason to delay sentencing further, the sentencing court had tenable grounds to deny Shaffer's request for a continuance.

Shaffer next argues the sentencing court violated the real facts doctrine because the court considered facts outside what Shaffer acknowledged and failed to grant an evidentiary hearing on the points.[3] We disagree.

The real facts doctrine requires a defendant's sentence to be based on his current conviction, his criminal history, and the circumstances of the crime. *State v. Morreira*, 107 Wn. App. 450, 458, 27 P.3d 639 (2001). But to be entitled to raise a real facts doctrine issue on appeal, a defendant must first show that he raised a "timely and specific objection" to the sentencing court's consideration of the allegedly improper information. *State v. Grayson*, 154 Wn.2d 333, 339, 111 P.3d 1183 (2005). Moreover, defendants who receive a standard range sentence must object to unproven assertions of fact presented at sentencing to preserve error under the real facts doctrine. *State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993). Shaffer fails to make this showing. He merely states in his opening brief that he "contested material facts at [the sentencing]

---

[3] Specifically, Shaffer alleges the nature and motive underlying the witness tampering charge and the nature and reason for his criminal history were all material facts considered by the sentencing court.

hearing." Br. of Appellant at 8. He fails to point to a "timely and specific objection." *Grayson*, 154 Wn.2d at 339. Thus, Shaffer is precluded from raising a real facts doctrine issue on appeal.

In sum, the trial court did not abuse its discretion when denying Shaffer's continuance request and Shaffer failed to object to unproven assertions of fact to preserve error under the real facts doctrine. Because Shaffer fails to show an improper sentencing procedure, his standard range sentence in not appealable.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.